■ VICTORIA C. PIASECKI, Appellant, v THERESA F. STAUBLE, Also Known as THERESA GAFFNEY, et al., Defendants, and LAWRENCE L. MAUTONE et al., Respondents.—Kane, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered June 6, 1989 in Ulster County, which granted a motion by defendants Lawrence L. Mautone and Donna L. Mautone for summary judgment dismissing the complaint and canceling the notice of pendency.

Plaintiff commenced this action seeking title by adverse possession to a 2-foot-by-125-foot strip of land owned by some or all of defendants. The parcel in question is located to the immediate south of the boundary line between plaintiff's property and that owned or previously owned by defendants. Plaintiff alleged in her complaint that she entered into and adversely occupied the strip by improving it through the placement of flower bushes, fences and a portion of her gravel driveway. Defendants Lawrence L. Mautone and Donna L. Mautone (hereinafter collectively referred to as defendants) moved for summary judgment, alleging through affidavits, surveys and photographs that plaintiff's improvements were not present on the strip in question for the requisite time period or were located entirely on plaintiff's property to begin with. Plaintiff opposed the motion, submitting affidavits from neighbors, as well as her own sworn statement and photographs, contending that plaintiff's improvements of the strip met the requirements for an adverse possession claim. Su-

preme Court granted defendants' motion, finding that plaintiff "cannot show by the requisite 'clear and convincing' evidence * * * that she obtained title to the strip by adverse possession". Plaintiff now appeals.

We reverse. Summary judgment is an improper remedy in an adverse possession action where material issues of fact remain (see, Woodrow v Sisson, 154 AD2d 829). Although defendants submitted evidence that plaintiff did not improve the strip of land at issue for the requisite time period, plaintiff has submitted rebuttal evidence sufficient to raise triable issues of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562; see also, Sinicropi v Town of Indian Lake, 148 AD2d 799, 800). The sworn affidavits from both sides dispute the placement of plaintiff's wire fence, as well as the location of plaintiff's flower bushes, gravel driveway, stockade fence and two tree stumps allegedly left by the authorized removal of two trees on defendants' property by a friend of plaintiff. None of the photographs or surveys contained in the record conclusively resolve this dispute and we find, therefore, that summary judgment should have been denied.

Order and judgment reversed, on the law, without costs, and motion denied. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.