■ STEVEN L. SCHREIBER, Respondent, v ROBERT J. GALLOW, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Fitzer, J.H.O.), entered November 6, 1989 in Columbia County, which, in an action pursuant to RPAPL article 15, determined plaintiff to be the title owner of certain lands located in the Town of Claverack.

This action stems from a boundary dispute between plaintiff and defendant with respect to certain real property located in the Town of Claverack, Columbia County. The land in question is a crescent-shaped parcel consisting of approximately eight acres which is bordered by defendant's fence line on the south and the Hollowville Creek on the north. Defendant apparently owns property south of the fence line and plaintiff owns property north of the creek. Each party claimed that their respective property lines encompassed the disputed parcel. At trial, both parties presented witnesses and also attempted to prove their claims by virtue of various written instruments such as maps, deeds and surveys. Raymond Lubianetsky, the surveyor who had prepared a survey map for

plaintiff's predecessor in title, also testified as an expert witness for plaintiff. The survey map prepared by Lubianetsky showed the disputed parcel as being in plaintiff's possession. Following the conclusion of the trial, Supreme Court determined, based principally on Lubianetsky's testimony, that the disputed parcel clearly belonged to plaintiff. Defendant now appeals.

We affirm. Defendant is incorrect in asserting that Supreme Court erred in awarding the disputed parcel to plaintiff. The testimony offered by Lubianetsky, plaintiff and plaintiff's predecessors in title established by a preponderance of the credible evidence (see, 1 Mottla, NY Evidence, Proof of Cases, § 25, at 49 [2d ed]) that plaintiff's property extends to the fence on the southern border, thus encompassing the disputed parcel. Further, despite defendant's contentions otherwise, the deeds contained in the respective chains of title of the parties establish that plaintiff has record title to the "Sheldon tract", a four-acre tract of land conveyed from defendant's predecessors in title to one of plaintiff's predecessors in title, which Supreme Court deemed to fall within the disputed parcel. Because Supreme Court's conclusions in this vigorously contested dispute are supported by the record, no basis for reversal has been presented (see, May Pontiac Buick v Gleason, 112 AD2d 618).

Order affirmed, with costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.