ARTICLE TEN PROPERTIES, LTD., Appellant, v ROBERT KOCAK, Respondent.

Third Department, December 27, 1990

## APPEARANCES OF COUNSEL

*Parisi, De Lorenzo, Gordon, Pasquariello & Weiskopf (Christopher P. Flint* of counsel), for appellant.

*Stephen T. Rodriguez* for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

By tax deed dated October 3, 1974, plaintiff acquired a 50% interest in defendant's property in the Town of Duanesburg, Schenectady County, by paying $202.07 for unpaid 1972 taxes. Thereafter, in 1985 plaintiff commenced this action for partition demanding that the property be sold and that it be paid one half of the net proceeds. Defendant's answer asserted the affirmative defense of adverse possession. After issue was joined, Supreme Court denied plaintiff's motions for a nonjury trial and to preclude defendant from making any reference to the purchase price paid by plaintiff for its 50% interest in the subject property. The parties then stipulated that they were tenants in common and the sole issue for trial was the efficacy of defendant's claim of adverse possession. After trial, the jury returned a verdict for defendant, finding that he had proved by clear and convincing evidence that he had acquired title to plaintiff's 50% interest in the property by adverse possession. This appeal by plaintiff ensued.

We affirm. Plaintiff's contention that defendant waived the right to a jury trial by asserting the equitable defense of adverse possession is without merit. Plaintiff, aware of defendant's equitable defense, nevertheless filed a note of issue demanding a jury trial of all issues. Where, as here, a party files a demand for a jury trial, such demand cannot be withdrawn without the consent of the other party (CPLR 4102 [a]). No such consent was given by defendant. Further, we

have resolved this issue in another context. In *Cilwick v Camelo* (55 AD2d 782), a case dealing with both legal and equitable claims in an action brought pursuant to RPAPL article 15, this court stated: "In essence, plaintiffs are asserting a claim to part of defendants' lands and neither the form of the action nor the prayer for relief can be permitted to divert attention from that central fact * * *. Such claims to realty are to be tried by jury if brought pursuant to article 15 of [RPAPL] * * * *or in any other form, however characterized, if the triable issues are to resolve a claim to real property"* *(supra,* at 783 [emphasis supplied]). Accordingly, since plaintiff filed a note of issue demanding a jury trial of all issues when it was aware of defendant's equitable defense of adverse possession, and since defendant did not consent to plaintiff's request to withdraw, a trial by jury is required.

Turning to the central issue dividing the parties, we reject plaintiff's position that a proper construction of RPAPL 541 compels the conclusion that defendant does not legally have a defense of adverse possession and, accordingly, it was error for Supreme Court to have submitted the case to the jury in that posture. Defendant argues that RPAPL 541 creates a rebuttable presumption which he overcame with clear and convincing evidence of adverse possession.

█ RPAPL 541 provides: "Where the relation of tenants in common has existed between any persons, the occupancy of one tenant, personally or by his servant or by his tenant, is deemed to have been the possession of the other, notwithstanding that the tenant so occupying the premises has acquired another title or has claimed to hold adversely to the other. But this presumption shall cease after the expiration of ten years of continuous exclusive occupancy by such tenant, personally or by his servant or by his tenant, or immediately upon an ouster by one tenant of the other and such occupying tenant may then commence to hold adversely to his cotenant." While the statute creates the presumption that a tenant in common in possession of the property holds the property for the benefit of all the tenants in common, the presumption may be rebutted and adverse possession shown *(see, Kraker v Roll,* 100 AD2d 424, 434). We believe that "[t]he 10-year presumption of occupancy contained in RPAPL 541 is merely a presumption of fact that runs concurrently with the 10-year period of limitation that bars actions for claims of title by adverse possession * * *. To hold otherwise would be to extend the Statute of Limitations" *(Padova v Eckhardt,* 118 Misc

2d 853, 855).* Had the Legislature intended to prohibit an adverse possession claim against a cotenant after the first 10 years unless there was an ouster, it could have so stated rather than creating a presumption. Therefore, we conclude that RPAPL 541 creates a presumption that a tenant in common holds the property for the benefit of another tenant in common which can be rebutted with a showing of adverse possession, a factual issue which the jury resolved in defendant's favor.

Supportive of the verdict is trial evidence that defendant hostilely, actually, openly, notoriously, exclusively and continuously possessed the property under a claim of right by maintaining, farming, logging, renting, using and improving it for a period in excess of 10 years and thereby established adverse possession *(see, e.g., Spiegel v Ferraro,* 73 NY2d 622, 625). Plaintiff's only contacts with the property were the payment of $202.07 for the tax lien and one visit to the property. Clearly, RPAPL 541 created a presumption which defendant overcame by showing that he adversely possessed the land for the statutory period necessary to expunge plaintiff's claim.

■ Next, we hold that Supreme Court correctly denied plaintiff's motion to preclude defendant from making any reference to the $202.07 it spent to purchase the 50% interest in defendant's property. Such proof was relevant in comparing each parties' contacts with and investment in the property and showing hostility in the parties' relationship, all bearing on necessary elements of defendant's defense of adverse possession.

Finally, as to the many errors assigned to Supreme Court's jury charge by plaintiff, a review of the record reveals that none of plaintiff's objections dealt with the substantive elements of adverse possession and that plaintiff did not object to other parts of the charge now claimed to be erroneous. Failure *to object or take exception to a jury charge does not preserve*

---

* The Second Department in *Kolb v Anisis* (104 AD2d 399, 400) held that unless there is an ouster of the tenant, a cotenant cannot assert a claim of adverse possession until 20 years have passed from the date the parties became tenants in common. We decline to follow this interpretation.

the alleged error for review *(see,* CPLR 4110-b; *Frasier v McIlduff,* 161 AD2d 856). In any event, considering the charge as a whole, we find no error that requires reversal.

KANE, CASEY, WEISS and MERCURE, JJ., concur.

Judgment affirmed, with costs.