■ ROYAL V. PORTER, SR., Appellant-Respondent, v MAX MARX et al., Respondents-Appellants.—Yesawich Jr., J. ■

Plaintiff maintains that his father, Glen Porter, who owned 104 acres of land in the Town of Fallsburg, Sullivan County,

orally gave him 4.37 acres for his home and business. In 1949 plaintiff built a home on the property and thereafter began using the property for his repair business. When plaintiff's father died intestate in October 1972, leaving his children as heirs, plaintiff's brothers, Rufus Porter and Harry Porter, were named administrators of the estate. In 1974 the administrators deeded 1.67 acres of the property to plaintiff; plaintiff, who never reviewed the deed, assumed that he had received title to the full 4.37 acres he assertedly had been using.

In February 1990 plaintiff commenced this action alleging adverse possession of the disputed portion of the property to which defendants now hold record title; defendants answered and counterclaimed for, among other things, compensatory and punitive damages. Thereafter, Supreme Court granted defendants' motion for summary judgment dismissing the complaint, declared defendants to be the owners of the disputed property and dismissed defendants' counterclaim. Plaintiff appeals and defendants cross-appeal from so much of the order and judgment as dismissed their counterclaim for damages.

To establish title by adverse possession, a party must demonstrate possession for the statutory period which is "hostile and under claim of right, actual, open and notorious, exclusive and continuous" (Brand v Prince, 35 NY2d 634, 636). Where, as here, such possession is under claim of title not written, the claimed land must be either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522). Plaintiff concedes that the land in question is not enclosed. Regarding defendants' argument that plaintiff has not shown that his possession was hostile, it suffices to note that "if the use is open, notorious and continuous for the full * * * statutory period, a presumption of hostility arises" (Sinicropi v Town of Indian Lake, 148 AD2d 799, 800) "and the burden shifts to the record owner to produce evidence rebutting the presumption of adversity" (City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 121).

Applying these principles to the facts at hand makes summary judgment inappropriate. According to plaintiff, he began to hold the property adversely in 1974, when he received the deed giving him only 1.67 acres, thus revoking the permission given him by his father to use the 4.37 acres. In their most favorable light (Robinson v Strong Mem. Hosp., 98 AD2d 976), plaintiff's deposition testimony and the affidavits submitted on his behalf support a finding that, thereafter, plaintiff openly

and continuously used* the disputed property under a claim of right as though it were his own (cf., *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra*, at 122-123). Such use appears from the record to have been exclusive to the extent that others who also used the property apparently did so with plaintiff's permission. Moreover, more than 10 years elapsed between the date of the conveyance to the commencement of this lawsuit. Whether satisfactory proof of the elements comprising adverse possession does in fact exist and whether the cultivation and improvements allegedly made by plaintiff since 1974, which include leveling, filling, mowing and cutting, are sufficient with respect to the property's character, location, condition and potential uses to satisfy the requirement of RPAPL 522 (see, *Birnbaum v Brody*, 156 AD2d 408) present triable factual issues precluding summary relief (see, *Piasecki v Stauble*, 161 AD2d 977, 978).

As for defendants' contention, based on RPAPL 541, that because the land in dispute was held by plaintiff and his siblings, heirs of Glen Porter, as tenants in common, plaintiff's adverse possession claim cannot ripen and is unavailable until October 1992, a similar argument was recently considered and rejected by this court in *Article Ten Props. v Kocak* (164 AD2d 448). There, it was observed that "RPAPL 541 creates a presumption that [until the expiration of 10 years of continuous exclusive occupancy or the ouster of one tenant by the other] a tenant in common holds the property for the benefit of another tenant in common which can be rebutted with a showing of adverse possession", which is a factual issue (*Article Ten Props. v Kocak, supra*, at 451). If adverse possession is established, then the presumption that plaintiff held the land in question for the benefit of the other tenants in common, so that his claim has not yet ripened, will be rebutted.

Defendants' remaining argument that Supreme Court improperly dismissed their counterclaim for damages has merit for neither party moved for summary relief on this aspect of

---

* In an affidavit in support of the summary judgment motion, defendants' counsel claims that plaintiff's use of the disputed property as a junkyard without having obtained a license pursuant to General Municipal Law § 136 and in violation of Town of Fallsburg Zoning Ordinance § 130.92 defeats his claim for adverse possession because such possession cannot be based on an illegal use; although plaintiff denies any such use, his testimony and the photographs support defendants' claim. And, as noted by Supreme Court, plaintiff cannot claim adverse use based upon the strewing of junk pieces around the property (see, *Van Valkenburgh v Lutz*, 304 NY 95, 99). The question remains, however, whether the other uses asserted by plaintiff, including recreation, business and water source, are sufficient.

the counterclaim, nor mustered their proof with respect thereto *(see,* CPLR 3212 [b]; Siegel, NY Prac § 282, at 411-412 [2d ed]; *cf., Ressis v Mactye,* 98 AD2d 836, 837, *lv dismissed* 67 NY2d 601).

Mikoll, Levine, Crew III and Casey, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, and motion denied.