■ WILLIAM S. FARLEY, SR., Individually and as Executor of the Estate of LOUISA R. FARLEY, Deceased, Respondent, v EVELYN B. NILSEN, Appellant. [596 NYS2d 504] —Mikoll, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered March 30, 1992 in Otsego County, which, in an action pursuant to RPAPL article 15, determined that plaintiff is the owner of certain real property.

This action was brought pursuant to RPAPL article 15 to determine a boundary dispute between the parties after defen-

dant erected a fence and gate across the portion of her lot to the east of State Route 28, which plaintiff* claimed obstructed access to his 15-foot right-of-way located on defendant's property in the Town of Exeter, Otsego County. Following a nonjury trial to determine the disputed boundary lines, Supreme Court, according to the portion of its decision included in the record, found that iron pins placed during a survey completed by R. V. Nellis in 1969 (hereinafter the Nellis survey) constituted the boundary lines of the parties' lots and, in the alternative, that plaintiff observed those boundary lines for the 10-year period prescribed by statute for acquiring title by adverse possession. Judgment was thereafter entered defining the boundary lines of plaintiff's lot as those set forth in the Nellis survey. This appeal ensued.

In our view the result reached by Supreme Court that plaintiff acquired title by adverse possession to the land within the boundary lines shown in the Nellis survey was proper; the judgment should therefore be affirmed. The evidence presented was conflicting. Plaintiff testified that he requested that the lot be surveyed prior to purchasing it from his predecessors-in-title, Gus Tarcza and Flora Tarcza, in 1961. Plaintiff testified that he believed that the property located within the iron pins of the Nellis survey was his land, that he used it as his own, that he never gave anyone other than his family permission to use it and that he paid taxes on it. He testified that he and his family used the property, a seasonal camp ground, every summer since 1961. Plaintiff also testified that the survey pins placed during a 1975 survey of defendant's property by William Rasmussen (hereinafter the Rasmussen survey) were in line with the Nellis survey in some areas, but in the back of the property the Rasmussen pins were off line by eight feet. George Farley, defendant's son, testified that the land defined by dotted lines on the Rasmussen survey belongs to plaintiff. He testified that his family used the area between the dotted lines as well as the 15 feet to the south of the dotted lines since the purchase of the property in 1961.

Rasmussen testified that he used deeds, recorded maps and the Nellis survey in doing his survey map. He said that the Nellis survey lines disagreed with the boundary lines in the deeds because they did not give defendant 101 feet of lakefront property and 122 feet of lakefront property to the

* Louisa R. Farley, wife of plaintiff, died after commencement of the action. Plaintiff was appointed executor of her estate and the pleadings were amended to reflect that change.

adjacent property owner. Rasmussen acknowledged that when he did his survey there were no physical markers between the camp lots that would define the boundary lines.

Based on the record, it appears that Supreme Court erred in giving the Nellis survey the greater weight because there was no expert testimony concerning the accuracy of the Nellis survey *(cf., Levy v Braley,* 176 AD2d 1030, 1032). Nevertheless, there is sufficient evidence to establish that plaintiff acquired the property within the boundary lines as shown on the Nellis survey by adverse possession because plaintiff's possession was "hostile and under claim of right, actual, open and notorious, exclusive and continuous" *(Brand v Prince,* 35 NY2d 634, 636; *see, Porter v Marx,* 179 AD2d 962, 963). A presumption of hostility arises if, as here, the other elements of adverse possession are shown to be present *(see, Porter v Marx, supra,* at 963; *see also, Levy v Kurpil,* 168 AD2d 881, 883, *lv denied* 77 NY2d 808). Supreme Court's conclusion that plaintiff's boundary lines were as shown on the Nellis survey is amply supported by credible evidence received during trial *(see, Esposito v Stackler,* 160 AD2d 1154, 1156; *see also, Schreiber v Gallow,* 166 AD2d 771, 772).

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.