■ EDITH YOUNG, Appellant, v PETER SANISKI, Also Known as PETER OLSZANESKI, et al., Respondents. [603 NYS2d 367] — Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Travers, J.), entered June 23, 1992 in Rensselaer County, which denied plaintiff's motion for summary judgment.

The parties own adjoining properties in the Town of Poestenkill, Rensselaer County. This action to determine ownership of two triangular areas along the boundary between the two properties was commenced by plaintiff after a survey that defendants commissioned in 1988 portrayed the larger of the two areas and a portion of the smaller area to be within the metes and bounds description of the land deeded to defendants Peter Saniski (hereinafter Saniski) and Antoinette Saniski in 1952 by Saniski's father. The surveyor was unable to identify the owner of the remainder of the smaller triangular area. Plaintiff claims ownership of both areas by title or, alternatively, by adverse possession.

After issue was joined and discovery conducted, plaintiff moved for summary judgment. Defendants opposed the motion. Finding questions of fact with regard to both parcels, Supreme Court denied the motion in its entirety and plaintiff appeals.

Because defendants proffered no credible evidence to rebut plaintiff's clear and convincing showing in support of her claim of adverse possession of the larger disputed parcel, an elongated triangle of land running along the border between

the parties' properties, Supreme Court erred in refusing to grant her summary judgment as to that land. It is undisputed that in 1947, when plaintiff and her late husband acquired ownership of their property, there were several outbuildings on the disputed area, and others were subsequently erected thereon by plaintiff and her husband; three buildings were still present in 1988, as depicted on the survey map. Photographs offered into evidence by plaintiff demonstrate her maintenance, cultivation and extensive use of the strip in question as a yard and storage area, usage that is fully consistent with the nature and location of the property, and therefore sufficient to establish actual, exclusive possession *(see, City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 122-123).

This evidence is unrefuted. In fact, Saniski concedes that he has never even set foot on this piece of property or maintained it in any way, at any time. Furthermore, he admits that he did not erect the buildings, does not own them, and he has never asked plaintiff to move or demolish them. Nor does he claim to have given plaintiff, or her predecessor in title, permission to construct or to maintain the buildings. These uncontested facts are sufficient to establish plaintiff's actual, open, notorious, exclusive and continuous possession of the parcel for well in excess of the statutory period, and thus to raise a presumption that the possession was also "hostile and under claim of right", the final element that must be proven to establish adverse possession *(see, Sinicropi v Town of Indian Lake,* 148 AD2d 799, 800).

In an attempt to cast doubt on plaintiff's claim of hostility, defendants point to Saniski's testimony that he gave plaintiff permission to move the fence—which, prior to the survey, served as the parties' understood boundary line—to the south, onto his property, so that his cattle would not wander into plaintiff's yard. Whether the fence was moved—a vigorously disputed issue—is of no real importance, for the survey and the photographs, including a 1962 aerial photograph, all show the fence, in its present, allegedly "moved" position, to be immediately south of the outbuildings, which concededly have been in existence in their present location for over 40 years. Significantly, these buildings, which provide the principal basis for plaintiff's claim of possession, were erected by plaintiff or her predecessor in title and have remained on what is claimed to be defendants' land without permission.

As for the smaller parcel, defendants claim to have been using the area, a triangular patch between Hinkle Road and a

gate leading to their back fields, regularly and without permission since the 1950s. Saniski attests that he replaced the gate several times, an assertion in keeping with his claimed usage. Plaintiff, on the other hand, avers that she has mowed and maintained the disputed area of land and that she gave Saniski's father, his predecessor in title, permission to use the gate and adjoining land for passage into the fields for farming purposes only, which permission was revoked by letter when defendant ceased farming several years ago. These contradictory accounts raise questions of fact precluding summary judgment with regard to this parcel (see, Piasecki v Stauble, 161 AD2d 977, 978).

Crew III, White, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting plaintiff's motion with respect to the larger triangular area in dispute; plaintiff is hereby adjudged and decreed the sole legal owner of said property, and all claims of defendants thereto are hereby extinguished and declared void; and, as so modified, affirmed.