■ CANDACE L. PITSON, Formerly Known as CANDACE L. SELLERS, Appellant, v RONALD L. SELLERS, Respondent, et al., Defendant. [613 NYS2d 1005] —Casey, J. Appeals (1) from an order

and judgment of the Supreme Court (Monserrate, J.), entered December 23, 1992 in Cortland County, which, *inter alia,* granted defendant Ronald L. Sellers' cross motion for summary judgment dismissing the complaint against him, and (2) from an order of said court (Ingraham, J.), entered December 13, 1991 in Cortland County, which *inter alia,* denied said defendant's motion for a default judgment on his counterclaims.

At issue on this appeal is the title to a house and adjacent acreage acquired by the parties to this appeal as tenants by the entirety and used as their marital residence until plaintiff moved out with the parties' two children in 1975. Several months later plaintiff returned the children to defendant Ronald L. Sellers (hereinafter defendant) and moved to Australia, where she was granted a divorce from defendant in 1979. Plaintiff commenced this action for partition and sale of the property in 1990. Defendant counterclaimed, seeking title to the property based upon adverse possession. Plaintiff and defendant cross-moved for summary judgment and Supreme Court held that defendant had acquired title to the property through adverse possession. Plaintiff appeals from the order and judgment.

It is undisputed that when plaintiff and defendant were divorced in 1979, their relationship with regard to the property was converted from tenants by the entirety to tenants in common *(see, Ripp v Ripp,* 38 AD2d 65, 68, *affd* 32 NY2d 755). RPAPL 541 creates a presumption that a tenant in common holds the property for the benefit of another tenant in common which can be rebutted with a showing of adverse possession *(Article Ten Props. v Kocak,* 164 AD2d 448, 451). Defendant maintains that he rebutted the presumption with evidence of his open, notorious and continuous use of the property for more than 10 years after the tenancy in common was created in 1979 *(see, Porter v Marx,* 179 AD2d 962). We conclude, however, that a second presumption, one overlooked by the parties, is applicable.

As we explained in *Shandaken Refm. Church v Leone* (87 AD2d 950, *lv denied* 57 NY2d 602): "The entry onto the property must be strictly adverse to the title of the rightful owner in order for title to be acquired through adverse possession and if the first possession is by permission it is presumed to so continue until the contrary appears * * *. When possession is permissive in its inception, adverse possession will not arise until there is a distinct assertion of a right hostile to the

owner and brought home to him" *(supra,* at 950-951 [citations omitted]). The initial entry at issue in this case is not defendant's first entry on the land to exercise his rights as a tenant by the entirety. Rather, we are of the view that the inquiry must focus on the events that led to defendant's exclusive occupancy of the property, which serves as the basis for his adverse possession claim.

It is undisputed that plaintiff voluntarily moved out of the marital residence, thereby relinquishing possession of the entire premises to defendant. Several months later, plaintiff returned the children to defendant and they resided on the property with him until 1988. The only reasonable inference to be drawn from this evidence is that defendant's exclusive possession of the property was, at its inception, with plaintiff's permission. Defendant presents no evidence to the contrary. Nor did he present any evidence of a distinctive assertion of a right hostile to plaintiff which was brought home to her. Where permission can be implied from the beginning, no adverse use may arise until the owner is made aware of the assertion of a hostile right *(Susquehanna Realty Corp. v Barth,* 108 AD2d 909). As a tenant in common, defendant had a right to occupy the whole premises *(see, Jemzura v Jemzura,* 36 NY2d 496, 503) and, therefore, defendant's occupancy of the whole premises after plaintiff moved out was not sufficient, in and of itself, to make plaintiff aware of defendant's claim of a hostile right *(cf., Perkins v Volpe,* 146 AD2d 617, *lv dismissed* 74 NY2d 791). Because defendant failed to present any evidence to rebut the presumption that arose out of the permissive nature of the inception of his exclusive possession of the property, Supreme Court erred in granting summary judgment to defendant on his counterclaim based upon adverse possession.

We have considered the parties' arguments addressed to the merits of plaintiff's partition claim, but the record is insufficient to permit resolution of that claim. Defendant also filed a notice of appeal from a separate order in this action but his brief does not address that appeal, which we deem abandoned.

White, Weiss and Peters, JJ., concur.

Mercure, J. P. (dissenting). I respectfully dissent. The case of *Article Ten Props. v Kocak* (164 AD2d 448), decided by this Court in 1990 and never overruled, and relied upon by Supreme Court here, requires affirmance in this case. In my view, the majority's apparent requirement of an ouster in every case ignores the plain language of RPAPL 541.

Ordered that the order and judgment entered December 23, 1992 is modified, on the law, with costs to plaintiff, by deleting the second, third and fourth decretal paragraphs and substituting therefor a provision which denies defendant Ronald L. Sellers' cross motion for summary judgment, and, as so modified, affirmed.

Ordered that the appeal from order entered December 13, 1991 is dismissed.