LOUISE E. MONNOT et al., Respondents, v. JOSEPHINE F. B. MURPHY, Appellant, Impleaded with Others.

**Real property — adverse possession — what possession of premises sufficient to raise presumption of occupant's holding as absolute owner — Statute of Limitations — when it will run against former judgment holding that claimant by adverse possession had no title to premises in question.**

1. The actual possession and improvement of premises, as owners are accustomed to possess and improve their estates, without any payment of rent, or recognition of title in another, or disavowal of title in himself, will, in the absence of all other evidence, be sufficient to raise a presumption of the occupant's entry and holding as absolute owner, and, unless rebutted by other evidence, will establish the fact of a claim of title. Possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another.

2. An invalid claim is as effectual, as a constituent of the notice to the rightful owner that the occupation under it is in defiance of his title, as a valid claim.

3. The fact that one had obtained a judgment that he was the owner of certain lands and that another had no title thereto, does not prevent the Statute of Limitations from running on behalf of the latter as against the title under the judgment.

*Monnot* v. *Murphy,* 144 App. Div. 896, reversed.

(Argued October 28, 1912; decided January 14, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1911, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Marshall B. Clarke* for appellant. Possession accompanied by the usual acts of ownership is presumed to be adverse until shown to be subservient to the title of another. (*Barnes* v. *Light,* 116 N. Y. 34.) Title by adverse possession is always based upon a wrongful act. It is a defiance on the part of the occupant of the rights of the true owner. Yet, if the wrong is persisted in long enough, it ripens into a right. His claim, however baseless, if coupled with possession, draws to it the legal title after twenty years. (*Baker* v. *Oakwood,* 123 N. Y. 16; *Humbert* v. *Trinity Church,* 24 Wend. 604.) The evidence in this case shows conclusively that Husson entered in hostility to Monnot's title. (*Barnes* v. *Light,* 116 N. Y. 39; *Morss* v. *Salisbury,* 48 N. Y. 636; *S. Ry. Co.* v. *Quick,* 68 Penn. St. 189; *Martin* v. *Bronsack,* 61 Mo. 556; *Miss. Co.* v. *Vowels,* 101 Mo. 225; *People* v. *Holmes,* 166 N. Y. 540.) There is no evidence that Husson ever acknowledged Monnot's title. (Buswell on Adverse Possession, § 243.) As the uncontradicted evidence showed that Joseph Husson's original entry was in hostility to Monnot's title and that he and his descendants had usually cultivated and improved the property and protected it with a substantial inclosure for upwards of thirty years, title by adverse possession was established, and the issues should at least have been submitted to the jury. (*Kraus* v. *Birnbaum,* 200 N. Y. 30.)

*Leslie C. Ferguson* and *Edmond Huerstel* for respondents. Plaintiffs' title and right to possession being established by the judgment of 1874, they were entitled to rest

upon the security of that adjudication until the same should be reversed. (*Monnot* v. *Rudd*, 139 App. Div. 651; Code Civ. Pro. § 1524; *Cagger* v. *Lansing*, 64 N. Y. 417; *Hahl* v. *Sugro*, 136 N. Y. 109; *Mace* v. *Mace*, 24 App. Div. 296; *Skelly* v. *Jones*, 61 App. Div. 173; *Demarest* v. *Darg*, 32 N. Y. 281; *Hughes* v. *United Pipe Lines*, 119 N. Y. 423; *Leavitt* v. *Wolcott*, 95 N. Y. 212; *Embury* v. *Conner*, 3 N. Y. 511; *Pray* v. *Hegeman*, 98 N. Y. 351; *Bowe* v. *McNab*, 11 App. Div. 326; *Matter of Morris*, 100 App. Div. 479.) The judgment of 1874 forever estopped Husson from claiming that he, and not Monnot, was the owner of lot 39. (*Sullivan* v. *Ringler & Co.*, 69 App. Div. 388; *Parkhurst* v. *Berdell*, 110 N. Y. 386; *Gardner* v. *Gardner*, 87 N. Y. 14; *Stevens* v. *Stevens*, 69 Hun, 692; 139 N. Y. 610; *Mercantile Bank* v. *C. E. Bank*, 73 N. Y. 78; *Sage* v. *Harpending*, 46 Barb. 174.) In the face of the judgment of 1874, awarding the property to Monnot, and the order of April, 1874, prohibiting Husson from retaking possession of the property pending his appeal, Husson was required to give the plaintiffs express notice of the hostile character of his occupancy, to start the statute running. (*Van Horn* v. *Stuyvesant*, 50 Misc. Rep. 432; *Lewis* v. *N. Y. & H. R. R. Co.*, 164 N. Y. 202.) As Husson expressly recognized plaintiffs' title upon several occasions, his occupation was subservient thereto. (*De Lancey* v. *Hawkins*, 23 App. Div. 8, 14; 163 N. Y. 587; *Cutting* v. *Burns*, 57 App. Div. 185; *Cook* v. *Travis*, 20 N. Y. 400; *Betjemann* v. *Brooklyn R. Co.*, 127 App. Div. 83.) The taking and recording of a tax lease by Husson in 1893 broke any chain of adverse possession which may have then been running. (*Doherty* v. *Matsell*, 119 N. Y. 646; *Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202.)

Collin, J. The action is in ejectment. The trial court directed a verdict in favor of the plaintiffs and the Appellate Division affirmed the judgment entered thereon.

The lands involved are in the borough of The Bronx, New York city.   The plaintiffs are the widow and the heirs at law of and claim the right to possess the lands involved, as the owners of them, through John B. Monnot, who died intestate in October, 1874.   The defendant claims the right to possess them, as the owner, through Joseph Husson, who died intestate in October, 1896.

In March, 1874, it was adjudged in an action in the Supreme Court of this state in which John B. Monnot was the plaintiff and Joseph Husson was the defendant that Husson had no right or title to certain lands of which the plaintiffs claim the lands in question are a part and that Monnot, as the owner, recover them of the said Husson.   This judgment was, immediately upon its rendition, enforced by an execution under which Husson was forcibly removed from and Monnot placed in posses- session of the lands.   Husson duly appealed from the judgment.   An application by him to the Supreme Court for restoration to the lands was denied.   The appellant asserts that several months thereafter Husson took pos- session of the lands and subsequently he or his successors actually and continuously occupied them.   In 1904 his heirs at law caused a partition among themselves of these and other lands and the appellant acquired her alleged right to possess the lands in question through a conveyance by her mother, who was a daughter of Hus- son.   A defense at the trial was the adverse possession of the appellant and her predecessors in title.

Section 371 of the Code of Civil Procedure provides: "Where there has been an actual continued occupation of premises, under a claim of title, exclusive of any other right, but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no others, are deemed to have been held adversely;" and section 372 thereof provides that land is deemed to have been thus occupied in the following cases only: "1. Where it has been protected by a substantial inclosure.   2. Where

it has been usually cultivated or improved." The alleged occupation of Husson and his successors subsequent to 1874 was not founded upon a written instrument, or a judgment or decree. The evidence received upon the trial tended to prove and would have enabled the jury, upon its submission to them, to find that there was on the part of Husson and appellant's predecessors, within the limitations of those sections, an actual continuous occupation since 1875 or thereabouts. The trial court, following the decision of the Appellate Division in the first department in *Monnot* v. *Rudd* (139 App. Div. 651), held that the entry of Husson and the continued occupation thereunder were sufficient, standing alone, to raise the presumption that they were adverse under section 371, but that they, taken in connection with the judgment awarding possession to Monnot as the record owner, did not raise such presumption, and that the appellant could not assert that the occupation and possession had been adverse, in the absence of proof by her of some act of hostility towards Monnot's title on Husson's part other than those acts constituting the occupation. The decision of the trial court was affirmed by the Appellate Division on the authority of *Monnot* v. *Rudd* (*supra*).

In *Barnes* v. *Light* (116 N. Y. 34, 39) this court said: "The actual possession and improvement of the premises, as owners are accustomed to possess and improve their estates, without any payment of rent, or recognition of title in another, or disavowal of title in himself, will, in the absence of all other evidence, be sufficient to raise a presumption of his entry and holding as absolute owner, and unless rebutted by other evidence, will establish the fact of a claim of title. Possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another."

In the case at bar the judgment under which the possession of the premises was taken from Husson and deliv-

ered to Monnot did not tend to show that the subsequent possession of Husson, accompanied by the acts usually attending ownership, was subservient to the title of Monnot or another. In its rendition, nature or effects there was not any element which reasonably or naturally would cause Monnot or his heirs at law to think that the re-entry and occupation of Husson and his heirs at law were under or subordinate to Monnot's title. Husson had the same right after he was ejected to acquire or claim a title to the lands as he would have had in case he had never possessed or been ejected from them. Neither the judgment nor the ejectment affected the existence of such right or the opportunity to exercise it. The ultimate element in the rise of a title through adverse possession is the acquiescence of the real owner in the exercise of an obvious adverse or hostile ownership through the statutory period. The object of the statute defining the acts essential to constitute an adverse possession is that the real owner may, by unequivocal acts of the usurper, have notice of the hostile claim and be thereby called upon to assert his legal title. (*Trustees, etc., of Town of East Hampton* v. *Kirk*, 84 N. Y. 215.) The judgment did not create any relation between Husson and Monnot or Husson and the premises which deprived those statutory acts, as and if performed by Husson and his successors, of their effectiveness as a notice to the holders of the real title that an adverse occupation existed. Husson, removed by virtue of and under it, was in no different standing or situation from that which would have been his if he had not possessed or claimed the lands prior to the removal. It established that Monnot's title was superior to that under which Husson was then claiming, but did not to any extent bar Husson from thereafter at any time claiming title, or prevent the entry and occupation thereunder from being adverse. To constitute them adverse the claim of title was not required to be valid. An invalid claim is as effectual, as a constituent of the

notice to the rightful owner that the occupation under it is in defiance of his title, as a valid claim. (*Sands* v. *Hughes*, 53 N. Y. 287; *Humbert* v. *Rector, etc., of Trinity Church*, 24 Wend. 587; *Jackson* v. *Camp*, 1 Cow. 605.) There was in the judgment no more assurance or security to Monnot against a subsequent adverse possession by Husson or another than there is to any landowner in the deed through which he obtained the title.

The purchase of tax leases of the premises by Husson subsequent to his alleged re-entry was not a recognition of the Monnot title. He had the right to strengthen his adverse possession by any instrument whether valid or invalid. His acqusition of Monnot's title would not tend to show that his possession was subservient to it.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

GRAY, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; CULLEN, Ch. J., absent.

Judgment reversed, etc.