■ EDWARD ARATARI, Appellant, v. CHRYSLER CORPORATION et al., Respondents.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: In affirming we do not necessarily adopt all of the views set forth in the memorandum of Special Term. The pleading, however, was properly dismissed with leave to replead. (Cf. *Wolfson* v. *Mandell*, 13 A D 2d 760, affd. 11 N Y 2d 704.) (Appeal from order of Monroe Special Term granting summary judgment in favor of defendants with leave to serve amended complaint.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ SUSAN B. WEIL, Appellant, v. ROBERT L. SNYDER, Respondent.— Judgment and order unanimously reversed, with costs to appellant, and motion and cross motion for summary judgment denied. Memorandum: Summary judgment was improperly granted. A trial is required to resolve the factual issues presented. Defendant acquired his alleged title by deed from a consolidated school district. The latter acquired its interest from a rural school district which for many years had used the land for school purposes without record title from plaintiff or her predecessors. " To establish title by adverse possession, it must be shown that the person holding the possession did so in open hostility to the rights of the true owner. The presumption is that the possession is in subordination to the actual title." (*Heller* v. *Cohen*, 154 N. Y. 299, 311.) To constitute a proper basis for adverse possession, the use must be inconsistent with the rights of the record owner, and must call for outright objection. (*Rusy-Bohm Post No. 411, American Legion* v. *Islip Enterprises*, 5 A D 2d 774, affd. 5 N Y 2d 856.) It is recognized that " possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another." (*Barnes* v. *Light*, 116 N. Y. 34, 40.) The record before us, however, is barren of any proof that the possession of the school district was (1) hostile to the record owners and under a claim of right, or (2) that it was actual, or (3) open and notorious, or (4) exclusive and (5) continuous for the statutory period. (Cf. *Belotti* v. *Bickhardt*, 228 N. Y. 296, 302.) The affidavit submitted by defendant contains the conclusory allegation that the property was " used " by the school district for more than 15 years. His attorney avers that " It is a reasonable conclusion to draw that the school district claimed title by adverse possession otherwise it would not have sold the land." There was a complete failure to establish the five essential elements necessary to constitute an effective adverse possession as stated in *Belotti* v. *Bickhardt* (*supra*). (Appeal from judgment and order of Steuben County Court dismissing the complaint and adjudging defendant to be owner of a certain piece of property.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.