■ ANGELINA SINICROPI, Appellant, v TOWN OF INDIAN LAKE, Respondent.—Casey, J. Appeal from an order of the Supreme Court (White, J.), entered April 11, 1988 in Hamilton County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

In the summer of 1965, defendant, a town in Hamilton County, constructed a public bathhouse, containing toilet facilities, in the hamlet of Blue Mountain Lake on a parcel of land that defendant had purchased the prior year. The structure, which was 15 to 18 feet in length, is alleged to encroach on plaintiff's abutting lot, approximately .1 foot on the western side to 1.1 feet on the southeastern side. In 1985, plaintiff, who had previously owned the abutting parcel with others, acquired sole ownership and apparently had the encroachment confirmed by her land surveyor.

Plaintiff, acting *pro se,* commenced this action to remove the encroachment. In its answer, defendant claimed title to the property encroached upon by adverse possession and moved for summary judgment to dismiss the complaint on this basis. In support of its motion, defendant submitted affidavits showing that the structure was erected in 1965 and that the 10-year limitations period had, therefore, been established. Plaintiff contended that the limitations period did not commence until the fact of the encroachment became known, since prior to that date the holding was not hostile. Supreme Court determined that defendant had established its defense by clear and convincing evidence and granted its cross motion for summary judgment. Plaintiff appeals.

Initially, it appears that plaintiff's notice of appeal was not filed with the Hamilton County Clerk, although defendant admits having received a timely notice of appeal from plaintiff. A letter to this court indicates that plaintiff may have erroneously filed her notice of appeal with the Fulton County Clerk. Contrary to defendant's claim, we do not consider that plaintiff has forfeited her right to appeal by this inadvertence *(see,* CPLR 5520 [a]). Plaintiff alleges that the Fulton County Clerk's office advised that the notice of appeal was being sent to the Hamilton County Clerk. Therefore, we will consider the

appeal on the merits *(cf., Frankel v Manufacturers Hanover Trust Co.,* 106 AD2d 542).

Having so concluded, we believe that defendant has made the requisite showing that its possession was "hostile and under claim of right, actual, open and notorious, exclusive and continuous" *(Brand v Prince,* 35 NY2d 634, 636). Contrary to plaintiff's claim of lack of hostility, defendant's possession does not require a showing of enmity or specific acts of hostility *(see, Anderson v Koroleski,* 237 NYS2d 397, 399); all that is required is a showing that the possession constitutes an actual invasion of or infringement upon the owner's rights *(see, Weil v Snyder,* 25 AD2d 605). Consequently, hostility may be found even though the possession occurred inadvertently or by mistake, as is the likely situation here *(see, Bradt v Giovannone,* 35 AD2d 322, 325-326). In any event, if the use is open, notorious and continuous for the full 10-year statutory period, a presumption of hostility arises *(Belotti v Bickhardt,* 228 NY 296; *Wildove v Papa,* 223 App Div 211, 215). The showing here by defendant constituted clear and convincing evidence sufficient to warrant the court to direct judgment in its favor (CPLR 3212 [b]); inasmuch as plaintiff has failed to rebut such evidence sufficient to raise a triable issue of fact *(Zuckerman v City of New York,* 49 NY2d 557, 562), summary judgment was proper. Defendant, as an adverse user, erected the building and openly possessed it, thus charging plaintiff with notice of these visible physical facts *(see, Post v Irons,* 44 AD2d 630).

Finally, plaintiff argues that the grant of adverse possession to defendant, in effect, sanctions violation of the restrictive covenants in her deed. Assuming, without deciding, that the adversely possessed land here remains subject to the restrictive covenants contained in plaintiff's deed, plaintiff has made no showing as a matter of law that would support injunctive relief *(see, Medvin v Grauer,* 46 AD2d 912) or the privity required for an action at law for damages *(see, Zamiarski v Kozial,* 18 AD2d 297, 300). The order of Supreme Court should, therefore, be affirmed.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.