■ SUZANNE LEVY, Formerly Known as SUZANNE GRUND, Respondent, v SAMUEL KURPIL et al., Appellants.—Mikoll, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered November 13, 1989 in Sullivan County, which, in an

action pursuant to RPAPL article 15, determined plaintiff to be the title owner of certain property located in the Town of Liberty.

This litigation concerns a dispute between adjoining neighbors over the ownership of a certain triangular-shaped area of land bordering between two residential properties in the Town of Liberty, Sullivan County. Plaintiff commenced this action pursuant to RPAPL article 15 to determine ownership of the property in dispute. The evidence at trial was conflicting and Supreme Court, sitting without a jury, resolved the credibility questions in favor of plaintiff, ruled that plaintiff had established her ownership by adverse possession and awarded judgment in her favor. This appeal by defendants followed.

The questions presented on this appeal are (1) whether Supreme Court correctly resolved questions of credibility in favor of plaintiff and against defendants, and (2) whether plaintiff proved the elements required to establish her adverse possession of the property in dispute. The questions are answered in the affirmative and the judgment of Supreme Court should therefore be affirmed.

Defendants' argument that Supreme Court erroneously resolved questions of credibility in favor of plaintiff and that this court should make its own factual findings in favor of defendants and dismiss the complaint is without merit. This court does have the power to make new findings of fact in reviewing a judgment of Supreme Court in cases such as the present (see, Cohen v Hallmark Cards, 45 NY2d 493, 498), and "[i]f it appears on all the credible evidence that a different finding or a finding different from that of the court is not unreasonable, then this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony" (Lucenti v Cayuga Apts., 59 AD2d 438, 442). This court may then " 'grant the judgment which upon the evidence should have been granted by the trial court' " (supra, at 442). Nevertheless, in reviewing a nonjury trial, it has been found "judicious to defer to the trier of facts where * * * the credibility of witnesses whom the trial court had the opportunity to observe in the course of testimony is to be determined" (Town of Ulster v Massa, 144 AD2d 726, 727-728, lv denied 75 NY2d 707; see, Oneonta Dress Co. v Ozona-USA, 120 AD2d 899, 901).

In the case at bar, Supreme Court found that plaintiff cared for and used the property in dispute as her own. Furthermore,

based upon the surveyor's testimony that when he told defendants in 1981 that the survey indicated they were the owners of the property they were surprised, Supreme Court concluded that defendants did not realize they owned the property. In view of the above findings, the inconsistencies and discrepancies in defendants' testimony, the clear testimony of the surveyor and the fact that defendants ignored Supreme Court's interim order (directing both parties to leave the disputed property alone until the matter was resolved) by cutting down a tree, painting a white line and blocking the access of plaintiff's agents to the property, Supreme Court could reasonably resolve the material credibility issues in favor of plaintiff. Accordingly, we choose to defer to the decision of the trier of facts who was in a better position to assess the credibility of the witnesses than this court *(see, Oneonta Dress Co. v Ozona-USA, supra)*.

We also reject defendants' contention that plaintiff did not prove all the elements required to establish her adverse possession of the area in dispute. Adverse possession is established by showing possession which is hostile and under a claim of right, actual, open and notorious, as well as exclusive and continuous for a prescribed 10-year period *(Brand v Prince,* 35 NY2d 634, 636; *Armour v Marino,* 140 AD2d 752, 753). Where all the elements of adverse possession are established a presumption of hostility arises and the burden shifts to the record owner to produce evidence rebutting the presumption of adversity *(Sinicropi v Town of Indian Lake,* 148 AD2d 799, 800; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 121). Here, plaintiff's possession did not require a showing of enmity or specific acts of hostility *(see, Sinicropi v Town of Indian Lake, supra,* at 800). Since the evidence in this case clearly established the elements other than hostility, that element is presumed.

Plaintiff's use of the disputed property was also exclusive to the extent that although others used it, plaintiff's right to use it was not dependent upon the right of others to do so and the land was not open to public use *(see, Borruso v Morreale,* 129 AD2d 604, 605). Plaintiff took care of the property, had parties and social visits there, and planted trees on it. In the circumstances, defendants had the burden of establishing that plaintiff's use of the triangular parcel was with their permission rather than being hostile *(see, supra,* at 605); they did not do so. Defendants' reliance on *Susquehanna Realty Corp. v Barth* (108 AD2d 909) is misplaced.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.