■ DONALD W. KAPPES, SR., et al., Respondents, v PETER V. RUSCIO et al., Appellants.—Mercure, J. Appeal from an order and judgment of the Supreme Court (Mycek, J.), entered November 22, 1989 in Schenectady County, which, inter alia, in an action pursuant to RPAPL article 8, determined that defendants were encroaching on plaintiffs' property.

Plaintiffs and defendants own adjoining parcels of land fronting on Broadway in the City of Schenectady, Schenectady County. In 1965, James Peek, the prior owner of plaintiffs' property, constructed a chain-link fence slightly inside the boundary line between the parcels, leaving a narrow strip of property which he owned on defendants' side of the fence. Later that year, defendants paved their driveway, applying blacktop over this strip, right up to the fence. It is undisputed that defendants thereafter treated the strip of land as their own, improving and maintaining it as part of their driveway. Plaintiffs took title to their property in 1982. At about the same time, defendants constructed a solid wood fence directly adjacent to the existing fence. Alleging ownership of the land upon which the wood fence was constructed, plaintiffs commenced this action, seeking money damages and injunctive relief. Defendants asserted as a defense and counterclaim that they had acquired the strip of land through adverse possession. Following a bench trial, Supreme Court rendered judgment in favor of plaintiffs directing removal of the fence and dismissing defendants' counterclaim. Defendants appeal.

We reverse. In our view, defendants have established that their possession of the disputed property was "hostile and under claim of right, actual, open and notorious, exclusive and continuous" for the requisite 10-year period *(Brand v Prince,* 35 NY2d 634, 636; *see, Sinicropi v Town of Indian Lake,* 148 AD2d 799, 800). Accordingly, judgment should have been rendered in favor of defendants. Contrary to Supreme Court's determination, there is no competent evidence in the record that defendants' use of the property was permissive. Moreover, the element of "hostility" need not be supported by proof of enmity or literally hostile acts *(see, Sinicropi v Town of Indian Lake, supra).* All that is required is a showing that the possession actually infringes upon the owner's rights *(see, supra),* such as to give the owner a cause of action in ejectment against the occupier throughout the requisite period *(see, Brand v Prince, supra).* Indeed, hostility may be found even though the possession occurred inadvertently or by mistake *(see, Sinicropi v Town of Indian Lake, supra; Bradt v Giovannone,* 35 AD2d 322, 325-326).

Order and judgment reversed, on the law, with costs, and judgment awarded to defendants dismissing the complaint and for the relief demanded in the counterclaim. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.