■ Odell Reynolds et al., Appellants, v Linda Arnold, Respondent. [633 NYS2d 662] —Casey, J. Appeal from a judgment of

the Supreme Court (Tepedino, J.H.O.), entered January 21, 1994 in Ulster County, upon a decision of the court in favor of defendant.

Plaintiffs commenced this action seeking to obtain title to certain real property by adverse possession. Plaintiff Julienne Reynolds and her then-husband, Ralph Lanata, purchased a parcel of property in the Town of Shandaken, Ulster County, in October 1972 and thereafter improved and maintained the property, including an area that was later found to be part of adjoining land owned by defendant's predecessor in title. Defendant bought the adjacent parcel in 1985 and her objection to the encroachments by plaintiffs ultimately prompted the commencement of this suit by Reynolds and her current husband, plaintiff Odell Reynolds. Following a nonjury trial, Supreme Court determined that plaintiffs had failed to prove by the requisite clear and convincing evidence the element of hostility under a claim of right. Plaintiffs appeal from the judgment.

By clear and convincing proof, plaintiffs established actual, open and notorious, exclusive, and continuous possession of the disputed parcel for the statutory period. A presumption of hostility, therefore, arose and the burden shifted to defendant to produce evidence to rebut the presumption (*see, Porter v Marx*, 179 AD2d 962, 963; *Levy v Kurpil*, 168 AD2d 881, 883, *lv denied* 77 NY2d 808). The testimony of the driveway installer does not, in our view, demonstrate that the Lanatas acknowledged their neighbor's ownership of the disputed property, which would be sufficient to rebut the presumption (*see, Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106). Acknowledgement can be inferred from the possessor's conduct, including an offer to purchase the disputed property (*see, Manhattan School of Music v Solow*, 175 AD2d 106, *lv dismissed, lv denied* 79 NY2d 820), but the evidence in this case is equivocal at best. The contractor's testimony demonstrates that neither he nor the Lanatas knew the exact location of the boundary line and that the Lanatas were not concerned with its location because they intended to purchase all of their neighbor's property.

Although the Lanatas' conduct can be viewed as an acknowledgement that they did not own the neighboring property, there is no evidence that the Lanatas expressly or implicitly acknowledged that their neighbor's property included the disputed parcel. Nor did they enter the disputed parcel with anyone's permission, express or implied (*cf., Pitson v Sellers*, 206 AD2d 575). Instead, the Lanatas put in the driveway, established a lawn and planted trees, all of which they thereaf-

ter maintained, and there is no evidence to demonstrate that they did not believe they had the absolute right to do so (*compare, Franzen v Cassarino*, 159 AD2d 950, *with Esposito v Stackler*, 160 AD2d 1154). Inasmuch as it was defendant's burden to rebut the presumption of hostility that arose upon plaintiffs' proof of the other elements of adverse possession, it is our view that plaintiffs are entitled to judgment in their favor on their adverse possession claim.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, and plaintiffs are declared to be the owners of the disputed parcel of property.