■ GABRIEL P. KATONA, Appellant, v JOHN D. Low et al., Respondents. [641 NYS2d 62] —In an action to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated May 19, 1995, as denied the branch of his motion which was for summary judgment quieting his title to a certain triangular piece of real property.

Ordered that the order is reversed insofar as appealed from, with costs, and the branch of the plaintiff's motion which was for summary judgment quieting his title to the triangular piece of real property is granted.

It is well settled that a party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Ayotte v Gervasio, 81 NY2d 1062). A prima facie showing shifts the burden to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material questions of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320).

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must produce evidence that the subject premises was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522).

In addition, the party must establish, by clear and convinc-

ing evidence, the common-law requirement of demonstrating that the possession of the parcel was hostile, under a claim of right, actual, open, notorious, and exclusive, and it must have been continuous for the statutory period (*see, Brand v Prince,* 35 NY2d 634; *Manhattan School of Music v Solow,* 175 AD2d 106).

Here, the plaintiff, as an adverse user, entered upon real property under the misapprehension that the parcel was part of his land, and cultivated the parcel by planting a hedgerow, rose bushes, and a rock garden, a use consistent with the nature and character of the parcel.

The trial court denied the branch of the plaintiff's motion which was for summary judgment quieting his title to the disputed parcel holding that there was a question of fact as to whether the plaintiff possessed the parcel under a claim of right.

We find that the plaintiff has made the requisite showing, by clear and convincing evidence, that his possession was "hostile and under claim of right, actual, open and notorious, exclusive and continuous" (*Brand v Prince,* 35 NY2d 634, 636, *supra*). Contrary to the defendants' claim of lack of hostility, the plaintiff's possession does not require a showing of enmity or specific acts of hostility (*see, Anderson v Koroleski,* 237 NYS2d 397, 399). All that is required is a showing that the possession constitutes an actual invasion of or infringement upon the owner's rights (*see, Weil v Snyder,* 25 AD2d 605). Consequently, hostility may be found even though the possession occurred inadvertently or by mistake, as is the likely situation here (*see, Bradt v Giovannone,* 35 AD2d 322, 325-326). In any event, if the use is open, notorious, and continuous for the full 10-year statutory period, a presumption of hostility arises (*Belotti v Bickhardt,* 228 NY 296; *Wildove v Papa,* 223 App Div 211, 215).

Finally, inasmuch as the defendants have failed to submit any competent evidence to rebut the plaintiff's proof, the defendants have failed to raise a triable issue of fact so as to preclude granting the plaintiff summary judgment (*see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York,* 49 NY2d 557).

Accordingly, the order of the Supreme Court is reversed insofar as appealed from, and the branch of the plaintiff's motion which was for summary judgment quieting his title to the land in question is granted. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.