OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs sought to establish legal title by adverse possession to an enclosed 10 feet by 40 feet strip of the parcel adjoining their property (acquired in 1977) on its westerly border. Defendant Blima Homes, Inc., the record holder of legal title to the entire adjoining parcel since 1984, and its predecessors in title, are presumed to have been possessed of the disputed strip, and plaintiffs’ occupancy is presumed to have been subordinate, not hostile, to legal title (RPAPL 311; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120, appeal dismissed 58 NY2d 824).
Moreover, the October 28, 1982 agreement entered into by plaintiff Concetta Guariglia regarding acquisition of the westerly adjoining parcel (now owned by Blima) from the State of New York and plaintiffs’ permissive use of the strip in question thereafter, constituted an acknowledgement that actual ownership rested in others. The agreement thus negated an essential element of plaintiffs’ adverse possession claim arising out of their occupancy of a portion of Blima’s parcel during the statutory period (Van Gorder v Masterplanned, Inc., 78 NY2d 1106, 1108; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 123). While the fatal effect of this acknowledgement upon plaintiffs’ claim could have been overcome by establish *854 ing that plaintiffs’ predecessors in interest to their property had adversely possessed the strip for the statutory period (see, Di Leo v Pecksto Holding Corp., 304 NY 505, 514; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 124), plaintiffs failed to submit proof in admissible form to substantiate that contention. Thus, summary judgment dismissing their cause of action against Blima was properly granted.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.