■ SEMA T. GREENBERG, Appellant, v RICHARD SUTTER, Respondent. (And a Third-Party Action.) [684 NYS2d 571] —In an action, *inter alia,* for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered October 30, 1998, which, upon an order of the same court, entered October 2, 1997, granting the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law, declared, in effect, that the defendant was the owner of the contested property, and dismissed the complaint. The notice of appeal from the order entered October 2, 1997, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, the complaint and the third-party complaint are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

At the conclusion of the plaintiff's case-in-chief the court granted the motion of the defendant Richard Sutter for judgment in his favor as a matter of law, based upon its conclusion that the plaintiff failed to prove a prima facie case of adverse possession. This was error.

The plaintiff made the requisite showing, by clear and convincing evidence, that her possession of the subject property was hostile and under claim of right, actual, open, notorious, exclusive, and continuous for the applicable statutory period (*see, Brand v Prince,* 35 NY2d 634; *Katona v Low,* 226 AD2d 433; *Morris v DeSantis,* 178 AD2d 515; *Manhattan School of Music v Solow,* 175 AD2d 106). A plaintiff is not required to show enmity or specific acts of hostility in order to establish the element of hostility (*see, Katona v Low, supra; Kappes v Ruscio,* 170 AD2d 743). Rather, all that is required is a showing that the possession constitutes an actual invasion of, or infringement upon, the owner's rights (*see, Weil v Snyder,* 25 AD2d 605). "Consequently, hostility may be found even though the possession occurred inadvertently or by mistake, as

is the likely situation here" (*Katona v Low, supra,* at 434; *see, Bradt v Giovannone,* 35 AD2d 322). Accordingly, a new trial is warranted.

The plaintiff's claim for damages is premature at this juncture. Accordingly, we do not reach it. Mangano, P. J., Miller, Thompson and Luciano, JJ., concur.