■ THOMAS J. BIRKHOLZ et al., Appellants, v SUSAN J. WELLS et al., Respondents. [708 NYS2d 168] —Mercure, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered April 28, 1999 in Warren County, upon a decision of the court in favor of defendants.

Defendant Susan J. Wells and defendants Kenneth E. Gussow and Rochelle B. Gussow (hereinafter collectively referred to as defendants) own adjoining parcels of real property fronting on Monte Vista Drive in the Town of Warrensburg, Warren County. Their rear (east) property lines abut a parcel of land owned by plaintiffs. It is undisputed that for a number of years, defendants and the Gussows' predecessors in title treated a portion of plaintiffs' property, i.e., a strip of land approximately 50 to 100 feet deep extending from defendants' rear lines to a steep ravine on plaintiffs' property (hereinafter the disputed

property), as a part of their own backyards. In 1996, plaintiffs brought this action pursuant to RPAPL article 15 to clear title to the disputed property, and defendants each counterclaimed for a determination that they owned their respective portions by adverse possession. Following a nonjury trial, Supreme Court rendered a verdict dismissing the complaint and granting judgment in favor of defendants on their counterclaims for title by adverse possession. Plaintiffs appeal.

We affirm. In order to sustain their claims of ownership by adverse possession, defendants were required to establish by clear and convincing evidence that their possession of the disputed property was hostile and under a claim of right, actual, open and notorious, exclusive and continuous for 10 years (*see, Brand v Prince*, 35 NY2d 634, 636). In addition, because defendants' claim is not founded upon a written instrument or judgment or decree, only so much of the disputed property as was usually cultivated or improved or protected by a substantial inclosure (*see,* RPAPL 522 [1], [2]) will be deemed to have been possessed by them.

All of the contentions advanced by plaintiffs are founded upon the premise that, because defendants were aware during the statutory 10-year period that they did not own the disputed property, they failed to establish the essential element of possession that was hostile and under claim of right (*see, Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106; *Belotti v Bickhardt*, 228 NY 296, 302; *City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 123-124, *appeal dismissed* 58 NY2d 824). In our view, plaintiffs' analysis focuses far too much on defendants' state of mind, i.e., what they knew or reasonably should have known by virtue of deed descriptions, survey maps and title insurance policies that were available for their review, and far too little on their actions. As stated in the landmark Connecticut case of *French v Pearce* (8 Conn 439, 443): "Into the recesses of [the adverse claimant's] mind, his motives or purposes, his guilt or innocence, no enquiry is made. It is for this obvious reason; that it is the visible and adverse possession, with an intention to possess, that constitutes its adverse character, and not the remote views or belief of the possessor."

In fact, "[t]he object of the statute defining the acts essential to constitute an adverse possession is that the real owner may, by unequivocal acts of the usurper, have notice of the hostile claim and be thereby called upon to assert his legal title" (*Monnot v Murphy*, 207 NY 240, 245). "Thus, the actual possession and improvement of premises, as owners are accustomed to

possess and improve their estates, without any payment of rent, or recognition of title in another, or disavowal of title in oneself, will, unless rebutted by other evidence, establish the fact of a claim of title" (2 NY Jur 2d, Adverse Possession, § 40, at 488; *see, Monnot v Murphy, supra*, at 244; *Barnes v Light*, 116 NY 34, 39-40).

Consistent with that view, New York courts have consistently held that hostility will be presumed if the use is open, notorious and continuous for the full 10-year statutory period (*see, Robarge v Willett*, 224 AD2d 746, 747; *Sinicropi v Town of Indian Lake*, 148 AD2d 799, 800). Moreover, the element of "hostility" need not be supported by proof of enmity or literally hostile acts (*see, Sinicropi v Town of Indian Lake, supra*). All that is required is a showing that the possession actually infringes upon the owner's rights (*see, id.*), such as to give the owner a cause of action in ejectment against the occupier throughout the requisite period (*see, Brand v Prince, supra*, at 636). "Indeed, hostility may be found even though the possession occurred inadvertently or by mistake" (*Kappes v Ruscio*, 170 AD2d 743, 744; *see, Sinicropi v Town of Indian Lake, supra*; *Bradt v Giovannone*, 35 AD2d 322, 325-326; *West v Tilley*, 33 AD2d 228, 231, *lv denied* 27 NY2d 481).

Viewed in the light of the controlling legal standards, the trial evidence by no means requires a finding that, during the 10-year statutory period, defendants or their predecessors in title recognized or acknowledged any superior claim to the disputed property (*see, Van Gorder v Masterplanned, Inc., supra*; *MAG Assocs. v SDR Realty*, 247 AD2d 516, 520; *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra*, at 123-124). We similarly conclude that the Gussows' claim of tacking was not defeated by their failure to produce one of the prior owners. In our view, it was not necessary to look into that owner's mind to determine her subjective intent at the time she transferred title, and other witnesses were qualified to provide evidence of her outward acts of ownership. Further, given the ample trial evidence supporting Supreme Court's findings of fact, we are not persuaded by plaintiffs' citation to contrary evidence which, if credited, may have supported a judgment in their favor (*see, Esposito v Stackler*, 160 AD2d 1154, 1156).

As a final matter, we conclude that Supreme Court did not abuse its discretion in denying plaintiffs' motion for a mistrial or in awarding costs to defendants. Plaintiffs' additional contentions have been considered and found to be also unavailing.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.