■ JOHN G. FATONE et al., Appellants, v PELLEGRINO VONA et al., Respondents. [731 NYS2d 521] —Mugglin, J. Appeal from a judgment of the Supreme Court (Leaman, J.), entered Decem-

ber 22, 2000 in Rensselaer County, upon a dismissal of the complaint at the close of plaintiffs' case.

Plaintiffs are the owners of lot 80, which is situated on the south side of Pawling Avenue in the City of Troy, Rensselaer County. They acquired this lot by warranty deed dated October 16, 1964. The deed description calls for a strip of land 60 feet in width fronting on Pawling Avenue bounded westerly by lot 79, easterly by lot 81 (defendants' property which they acquired in 1990), and southerly "by the pond or lands late of Stephen Warren, deceased." In addition, plaintiffs acquired an "easement and right of way for ingress and egress over the westerly 12 feet of [lot 81], which adjoins the foregoing premises on the east, to be used in common with the present and all future owners of said [lot 81]."

In 1999, plaintiffs had their premises surveyed and discovered for the first time that a concrete retaining wall which they had assumed marked the location of their east boundary (the common boundary with defendants) actually was constructed at an angle and lies within the area of the easement. Plaintiffs commenced this action to (1) quiet title by adverse possession to a 463-square-foot strip of land between the deed line and the retaining wall and southerly of the retaining wall in a straight line to their south boundary, and (2) declare that they have a prescriptive easement over defendants' property extending 12 feet from the retaining wall.

The case was tried without a jury and, at the close of plaintiffs' evidence, Supreme Court granted defendants' motion to dismiss the complaint pursuant to CPLR 4401 based on the conclusions that each party was mutually mistaken as to the true location of the boundary line, that the retaining wall was not a "substantial inclosure" as that term is used in RPAPL 522 (2), and that plaintiffs had not "cultivated or improved" the land claimed to a sufficient degree to satisfy RPAPL 522 (1). The court then rendered judgment, *inter alia*, ordering defendants to remove the retaining wall since it obstructed plaintiffs' easement. Plaintiffs appeal. "Judgment dismissing the complaint at the close of a plaintiff's case is warranted when, after affording the nonmoving party every inference which may be drawn from the facts presented and considering the facts in a light most favorable to the nonmoving party, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party" (*Staples v Sisson*, 274 AD2d 779, 780 [citations omitted]).

Proof at trial reveals that plaintiffs' property is, as plaintiff Norma H. Fatone testified, "terraced" in that the northerly end

of the property is three to four feet higher than defendants' property, hence the need for a retaining wall. On the north, the property is enclosed by an iron fence set in a one-foot cement wall. On the west, the property is enclosed partially by a wire mesh fence and partially by a redwood fence. On the south, the property is enclosed by a wire mesh fence, and the same type of fencing exists on top of the retaining wall on the east boundary. At the end of the retaining wall, which extends approximately two thirds of the distance along the east line, there formerly existed a garage, the doors of which were flush with the retaining wall. From the garage to the fence on the south property line, no fence ever existed but plaintiffs testified that, during their period of ownership, they commonly mowed and raked this area and picked pears from a tree that is in the disputed area.

Plaintiffs' predecessors in title testified that the retaining wall and fence and a straight line extension thereof was considered by them to be the common boundary line with defendants' parcel and that the wall was there when they purchased the property in 1959. Plaintiffs and the predecessors both testified to mowing the grass, pulling weeds, planting flowers and generally caring for the property up to the retaining wall and fence and in a straight line southerly therefrom. Plaintiffs established that both they and their upstairs tenant (for at least a period of 12 years) commonly used the easement east of the retaining wall to drive their vehicles to the garage, while it existed, and to the area where the garage had been removed in 1990, for purposes of parking their vehicles.

The principles which we recently reviewed in *Birkholz v Wells* (272 AD2d 665) dictate that there must be a reversal herein. There, we repeated that in order to sustain a claim of ownership based on adverse possession, a party is "required to establish by clear and convincing evidence that their possession of the disputed property was hostile and under a claim of right, actual, open and notorious, exclusive and continuous for 10 years" (*id.*, at 666; *see, Brand v Prince*, 35 NY2d 634, 636). "In addition, because [plaintiffs'] claim is not founded upon a written instrument or judgment or decree, only so much of the disputed property as was usually cultivated or improved or protected by a substantial inclosure (*see*, RPAPL 522 [1], [2]) will be deemed to have been possessed by them" (*Birkholz v Wells*, *supra*, at 666). Moreover, "hostility will be presumed if the use is open, notorious and continuous for the full 10-year statutory period" (*id.*, at 667). As defendants concede on this appeal, possession of land either inadvertently or by mistake

may form the basis for a claim of adverse possession (*see, id.,* at 666; *Guardino v Colangelo,* 262 AD2d 777; *Sinicropi v Town of Indian Lake,* 148 AD2d 799, 800). Therefore, Supreme Court erred to the extent that reliance on the doctrine of mutual mistake of fact resulted in granting the motion to dismiss. Moreover, Supreme Court's finding that the retaining wall was not a substantial inclosure overlooks the fact that the retaining wall itself is an improvement which has existed since at least 1959 and, even though it was constructed in the easement area, it clearly is not compatible with the use of the area as an easement and is more than adequate to give actual notice of the change in use (*cf., Sackett v O'Brien,* 27 AD2d 979, *affd* 23 NY2d 883).

Defendants' argument that plaintiffs' claim of adverse possession fails because there is no evidence whether plaintiffs' predecessors or defendants' predecessors constructed the retaining wall does not support defendants' motion to dismiss. Plaintiffs, having established the elements of open and continuous use for more than 10 years, are entitled to the presumption which arises that such use was hostile and the burden then shifts to defendants to show that the use was permissive (*see, Pickett v Whipple,* 216 AD2d 833). Also, viewing the evidence in the light most favorable to the nonmoving party, an inference that plaintiffs' predecessors constructed the wall may be drawn (because of the height differential of plaintiffs' property), which inference is sufficient to shift the burden to defendants to establish who erected the retaining wall. Plaintiffs established by clear and convincing evidence the use of their property on the west side of the fence and retaining wall and that this use is consistent with ownership and adequately gives notice of their claim of title to the rightful owner. Moreover, raking, mowing and picking pears, to the exclusion of all others, is usual cultivation and can be distinguished from our holding in *Yamin v Daly* (205 AD2d 870) because of the nature of the terrain under review in that case.

As a final matter, plaintiffs' evidence established a prima facie case with respect to their claim of prescriptive use insofar as it extends beyond the deeded 12-foot easement sufficient to withstand a motion for a directed verdict.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.