[804 NYS2d 435]

G. Scott Walling et al., Appellants, v Paul F. Przybylo et al.,
Respondents.

Third Department, September 29, 2005

### APPEARANCES OF COUNSEL

*G. Scott Walling*, Queensbury, appellant pro se, and for Kathleen Walling, appellant.

*O'Dell & O'Dell*, Glens Falls (*Veronica Carrozza O'Dell* of counsel), for respondents.

### OPINION OF THE COURT

Rose, J.

Plaintiffs and defendants have owned adjoining lots in a residential subdivision since 1986 and 1989, respectively. In 2004, defendants had their lot surveyed and learned that their deed description included a portion of plaintiffs' side yard (hereinafter the parcel). Plaintiffs then commenced this action seeking a declaration that they have title to the parcel by adverse possession. The parties cross-moved for summary judgment and County Court, among other things, partially granted plaintiffs' motion, finding them to be the owners of the improved portion of the parcel. Defendants later moved to renew based upon evidence disputing plaintiffs' allegation that, at the time of their purchase, their grantor had orally described the boundaries of their lot to include the parcel. County Court granted the motion to renew and found a material question of fact as to whether plaintiffs had known from the first that they did not own the

parcel. The court reasoned that such knowledge, if proven, would be inconsistent with plaintiffs' assertion of possession under a claim of right, one part of the essential "hostile and under claim of right" element of adverse possession. Accordingly, the court reversed its prior determination and denied plaintiffs' motion for summary judgment as to that element alone. Plaintiffs appeal.

The sole issue raised is whether possessors, whose possession is otherwise open, hostile and continuous for the statutorily-prescribed period of time, can obtain property by adverse possession despite their knowledge that another party holds record title.* This question was answered in the affirmative in New York as long ago as 1840 (*see Humbert v Trinity Church*, 24 Wend 587, 602-604 [1840]; *see also Harpending v Minister of Reformed Protestant Dutch Church of City of N.Y.*, 16 Pet [41 US] 455, 471 [1842]; *see generally Bogardus v Trinity Church*, 4 Sandf Ch 633, 720-762 [1847]). In *Humbert v Trinity Church* (*supra*), the court held that ownership can be obtained by adverse possession even where the possessor claims title wrongfully, fraudulently and "with whatever degree of knowledge that he has no right" (*id.* at 604). The court's ruling in *Humbert*, that the "*quo animo*" (intent) required of an adverse possessor is "the intent to claim at all, right or wrong, with or without knowledge that another has title" (*id.* at 611), was an explicit rejection of its earlier view in *Livingston v Peru Iron Co.* (9 Wend 511, 518 [1832]) that the possessor had to have a good-faith belief in his or her ownership (*see Humbert v Trinity Church, supra* at 611).

This seminal holding rests upon the common-law origin of the doctrine of adverse possession in the bar that arises once the statute of limitations has run on the title holder's cause of action for ejectment of a hostile possessor. The right to assert an ejectment cause of action requires that the title holder has been wrongfully dispossessed (*see* 5 Warren's Weed, New York Real Property, Ejectment § 41.34 [5th ed 2004]), and the courts have found it reasonable to cut off the remedy of such a title holder who fails to timely assert his or her ownership rights (*see Humbert v Trinity Church, supra* at 603; *see also* 2 Rasch, New

---

* Although defendants state in their brief that they have filed a notice of appeal from Supreme Court's original order partially granting plaintiffs' motion for summary judgment, no such notice is included in the record. In any event, defendants do not argue in response to plaintiffs' appeal that summary judgment should have been denied because of the absence of proof of any element of adverse possession other than possession under claim of right.

York Law and Practice of Real Property § 30.17, at 189 [2d ed 1991]; 1 Warren's Weed, New York Real Property, Adverse Possession § 5.09 [5th ed 2004]). As the essence of adverse possession is the loss of title due to the title holder's inaction in the face of an open and hostile possession (*see Baker v Oakwood*, 123 NY 16, 28-29 [1890]), the possessor's knowledge of the invalidity of his or her claim of title is immaterial (*see Monnot v Murphy*, 207 NY 240, 245 [1913]).

However, the possessor's overt acknowledgment that another holds title, prior to the running of the statutory period, will defeat a claim of adverse possession because then it "is not a claim in utter hostility to the true title" (*Bedell v Shaw*, 59 NY 46, 49 [1874]; *see Guariglia v Blima Homes*, 89 NY2d 851, 853 [1996] [agreement permitting possessor's use of disputed parcel constituted an acknowledgment]; *Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1107-1108 [1991] [oral concession of another's ownership during the statutory period would constitute an acknowledgment and negate a claim of right]; *Falco v Pollitts*, 298 AD2d 838, 839 [2002] [possessor's initial attempt to purchase the land constituted an acknowledgment that title was in another and the possessor had no claim of right]; *Dittmer v Jacwin Farms*, 224 AD2d 477, 478 [1996] [description in deed to possessor explicitly excluding the disputed parcel—not merely failing to include it—constituted possessor's acknowledgment during the statutory period]; 2 NY Jur 2d, Adverse Possession § 61). Here, defendants do not allege that plaintiffs ever overtly recognized or acknowledged defendants' title. Rather, plaintiffs have consistently asserted their claim of ownership of the parcel throughout the statutory period.

In the absence of an overt acknowledgment, our courts have recognized since *Humbert v Trinity Church* (*supra*) that an adverse possessor's claim of right or ownership will not be defeated by mere knowledge that another holds legal title. This principle requires that knowledge be distinguished from a possessor's overt acknowledgment of title in another (*see Bernat v Echo Socy. of Niagara Falls, N.Y.*, 7 NY2d 914 [1960], *revg* 8 AD2d 760, 762-763 [1959] [statements which do not amount to a disclaimer or disavowal of the claim to the property, but merely indicate that the possessors were aware that they had no record title, do not defeat a claim of right]; *Ramapo Mfg. Co. v Mapes*, 216 NY 362, 370-371 [1915] ["(T)he bona fides of the claim of the occupant is not essential" and it is immaterial "that the (occupant) knew all along that he was in the wrong"]; *Monnot v*

*Murphy, supra* at 244 [a prior judgment confirming the owner's title and ousting the possessor did not preclude subsequent adverse claim by the same possessor; despite possessor's obvious knowledge that he did not own the land, his subsequent possession "without any . . . recognition of title in another, or disavowal of title in himself," effectively gave notice to the rightful owner that an adverse occupation existed]; *Barnes v Light*, 116 NY 34, 39-40 [1889] ["actually occup(ying) and improv(ing) the land . . . , if done in good faith (that is, without recognition of title in another or disavowal of title in oneself), . . . 'will establish the fact of a claim of title' "]; *Nazarian v Pascale*, 225 AD2d 381, 383 [1996] ["(O)ur courts have historically applied an objective test of focusing simply on the adverse possessor's use of the property as his own"]; *see also Joseph v Whitcombe*, 279 AD2d 122, 127 [2001] [observing that New York does not consider the possessor's subjective intent, but finding no entry under claim of right where the possessor entered as a squatter who had acknowledged another's title by passing the property's tax bills on to the title owner]; Parella, *Real Property*, 51 Syracuse L Rev 703, 717-721 [2001]).

We recognize that the opinion of the Court of Appeals in *Van Valkenburgh v Lutz* (304 NY 95 [1952]) suggests that the possessors' testimony at trial, after the statutory period had run, namely, that they knew when they entered onto the disputed parcel that it was not their own land, would prevent their possession from being "under a claim of title" (*id.* at 99). We consider this view to be dictum, however, and not controlling because the Court expressly found no adverse possession due to the lack of cultivation, enclosure or improvement of the disputed parcel (*id.* at 98-99). In addition, Judge Fuld and two other judges dissented, stating: "That [the possessor] knew that he did not have the record title to the property . . . is of no consequence, so long as he intended, notwithstanding that fact, to acquire and use the property as his own" (*id.* at 102).

There is a separate line of cases which also recognizes that the possessor's knowledge and intent are of no consequence by upholding adverse possession claims where the possessor mistakenly believes that he or she owns the property being possessed (*see Belotti v Bickhardt*, 228 NY 296 [1920]; *Fatone v Vona*, 287 AD2d 854 [2001]; *Bradt v Giovannone*, 35 AD2d 322 [1970]; *West v Tilley*, 33 AD2d 228 [1970], *lv denied* 27 NY2d 481 [1970]; *see also French v Pearce*, 8 Conn 439, 443

[1831]). The issue of whether the possessor's belief that he or she is not claiming another's property will disprove the existence of a hostile claim of right was addressed in New York as early as 1860 (*see Crary v Goodman*, 22 NY 170, 175 [1860]), and it continues to arise when trial courts erroneously conclude that the unintentional or inadvertent possession of another's property cannot be deemed to be adverse (*see e.g. Gore v Cambareri*, 303 AD2d 551, 553 [2003]; *Fatone v Vona, supra* at 857). These cases hold that mistaken possession, despite the possessor's lack of intent to enter upon the land of another, may ripen into ownership because it is the visible, outward acts of ownership and use, rather than the possessor's subjective motive or belief, that effectively give notice of the intention to possess as owner and constitute the required hostile claim of right (*see Bradt v Giovannone, supra* at 325-326; *West v Tilley, supra* at 231). Thus, under this line of cases as well, the possessor's subjective belief has no effect on the claim of adverse possession.

Drawing on this principle mirrored in these two lines of cases, we have expressly held that the possessor's knowledge or belief as to who owns the disputed parcel is immaterial to a claim of adverse possession (*see Birkholz v Wells*, 272 AD2d 665, 666-667 [2000]; *see also Harrington v Estate of Crouse*, 1 AD3d 778, 779 [2003]; *Moore v City of Saratoga Springs*, 296 AD2d 707, 709-710 [2002]; *Fatone v Vona, supra* at 856-857; *Bradt v Giovannone, supra* at 325-326). In *Birkholz v Wells* (*supra*), this Court addressed a situation where, as is alleged here, the possessors had been aware that they did not own the disputed parcel. We expressly held that the possessors' subjective awareness or motives did not affect the adverse character of their actions (*id.* at 666-667). Although County Court acknowledged our ruling in *Birkholz*, it misconstrued the "hostile and under claim of right" element of adverse possession (*see* RPAPL 521), viewing it as imposing two distinctly different requirements and limiting our holding in *Birkholz* to hostility alone.

Contrary to County Court's perception, the two parts of this element have been viewed as virtually synonymous. Both parts require that the possession be truly adverse to the rights of the party holding record title (*see Brand v Prince*, 35 NY2d 634, 636 [1974] ["Reduced to its essentials, (claim of right) means nothing more than that there must be possession in fact of a type that would give the owner a cause of

action in ejectment against the occupier throughout the prescriptive period"]; *Van Valkenburgh v Lutz, supra* at 99 [a claim of right or title means "in other words, hostile"]; *Harrington v Estate of Crouse, supra* at 779 [Under claim of right assures that the possession is " 'with an intention to possess (as an owner)' " rather than a permissive use by a tenant or licensee which would acknowledge the title holder's ownership]; 1 Warren's Weed, New York Real Property, Adverse Possession § 5.17 [5th ed 2004]). Since " '[t]he actual possession and improvement of the premises, as owners are accustomed to possess and improve their estates, . . . will establish the fact of a claim of title' " (*Barnes v Light*, 116 NY 34, 39-40 [1889], *supra* [citation omitted]; *see* 2 NY Jur 2d, Adverse Possession § 40) and since it is undisputed that plaintiffs here possessed the parcel always claiming to be its owners, County Court erred in finding that plaintiffs failed to establish, as a matter of law, this element of adverse possession.

Finally, we note that County Court relied upon two cases in the Second Department which appear to have found an acknowledgment where the possessor merely knew of another's title or admitted another's title after the statutory period had run (*see Harbor Estates Ltd. Partnership v May*, 294 AD2d 399, 400 [2002]; *Bockowski v Malak*, 280 AD2d 572, 572 [2001]). We decline to follow these cases and rely instead on what we view to be controlling precedent holding that a claim of right will be defeated only if the possessor's acknowledgment of another's title is clearly shown by words or conduct and occurs during the statutory period (*see Guariglia v Blima Homes*, 89 NY2d 851, 853 [1996], *supra*; *Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1107-1108 [1991], *supra*; *Moore v City of Saratoga Springs, supra* at 710; *Albright v Beesimer*, 288 AD2d 577, 579-580 [2001]; *Gerlach v Russo Realty Corp.*, 264 AD2d 756, 757 [1999]; *Reynolds v Arnold*, 221 AD2d 733, 734-735 [1995], *appeal dismissed* 87 NY2d 953 [1996]; *Garrett v Holcomb*, 215 AD2d 884, 885 [1995]; *cf. Birkholz v Wells, supra* at 667).

Since we conclude that an adverse possession claim can succeed regardless of the possessor's subjective knowledge or belief, defendants' proffer of evidence showing that plaintiffs had been aware that they did not own the parcel was insufficient to raise a material issue of fact. Accordingly, upon renewal, County Court erred in reversing its prior determination of plaintiffs' cross motion.

SPAIN, J.P., CARPINELLO, LAHTINEN and KANE, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiffs' cross motion for summary judgment; cross motion partially granted as to the improved portion of the parcel; and, as so modified, affirmed.