■ MICHAEL KANE COLOR LITHO, INC., Appellant, v WILLOW-TEX, INC., et al., Respondents. [759 NYS2d 766] —In an action to recover for property damage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered August 21, 2002, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff has operated a printing business in space he rents in the basement of a building located at 38-01 23rd Avenue, in Astoria, Queens, since about June 20, 1981. The defendant Fab Mac Realty Co. is the sole proprietorship through which the defendant Joseph Macaluso, the building owner, operates the building. The defendant Willowtex, Inc., is a textile company of which Macaluso is the sole shareholder (hereinafter collectively referred to as the defendants). On September 16, 1999, there was a fire in the office of the building's superintendent. As a result of the water used in extinguishing the fire, the plaintiff's equipment and property were damaged. The plaintiff commenced this action to recover for property damage. The essence of the plaintiff's allegations is that the defendants failed to properly repair and/or secure a window in the superintendent's office in the face of a severe expected storm on September 16, 1999, and that the defendants improperly left a table fan plugged in on a shelf immediately below the window. Thereafter, the storm blew the fan over and when it fell on the floor, it somehow turned on, overheated, and then ignited the carpet, resulting in the fire. In extinguishing the fire, the water seeped down to the basement and damaged the plaintiff's property. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, finding that this was not a foreseeable consequence of the defendants' actions. We affirm.

While a landlord has a duty to secure a building and make it reasonably safe, that duty is not unlimited. The existence and scope of the duty is, first, a legal question for determination by the courts. In making that determination in this instance the focus is on the foreseeability of the risk or hazard.

The Supreme Court correctly found that the risk was unforeseeable. While it is foreseeable that damage would be caused as a direct result of water from the storm leaking into an unsecured building, the extraordinary sequence of events that occurred here was unforeseeable (*see DiPonzio v Riordan*, 89 NY2d 578 [1997]; *see also Palka v Servicemaster Mgt. Servs.*

*Corp.,* 83 NY2d 579 [1994]; *Colberg v New York City Hous. Auth.,* 278 AD2d 27 [2000]; *cf. Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). The plaintiff's reliance on *532 Madison Ave. Gourmet Foods v Finlandia Ctr.* (96 NY2d 280 [2001]) and *Hamilton v Beretta U.S.A. Corp.* (96 NY2d 222 [2001]) is misplaced. Those cases are factually inapposite. Accordingly the action was properly dismissed.

The plaintiff's remaining contentions either are without merit or need not be reached in light of this determination. Similarly, in light of this determination, we also need not reach the defendants' remaining contentions. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.