■ RAFAELA PRADO, Appellant, v CITY OF NEW YORK et al., Respondents. [798 NYS2d 94]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated July 23, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 15, 2003, the 72-year-old plaintiff sustained injuries when she tripped over the outstretched leg of a delivery person as he pushed a cart on a public sidewalk while making a delivery to the defendant City of New York Department of Social Services Human Resources Administration. The plaintiff asserted that the delivery person was an employee of the defendant City of New York and was acting in the course of his employment when the accident occurred. After issue was joined, the defendants moved for summary judgment.

The Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint. Under New York law, "[t]he risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R.R. Co.,* 248 NY 339, 344 [1928]). Here, the defendants made a prima facie showing that they could not have reasonably anticipated that a pedestrian would ignore the presence of a delivery person trying to move a heavy cart across a sidewalk and pass so close as to trip over that person's outstretched leg. The risk of such unreasonable behavior on the part of the plaintiff was remote, and the defendants' duty was commensurate with the remote risk. "[T]he law draws a line between remote possibilities and those that are reasonably foreseeable because '[n]o person can be

expected to guard against harm from events which are . . . so unlikely to occur that the risk . . . would commonly be disregarded' " (*Di Ponzio v Riordan,* 89 NY2d 578, 583 [1997], quoting Prosser and Keeton, Torts § 31, at 170 [5th ed]).

In opposition, the plaintiff failed to raise a triable issue of fact. Thus, summary judgment dismissing the complaint was properly granted (*see Di Ponzio v Riordan, supra; Pinero v Rite Aid of N.Y.,* 294 AD2d 251 [2002], *affd* 99 NY2d 541 [2002]; *Davidson v Miele Sanitation Co. NY, Inc.,* 9 AD3d 346 [2004]; *Warner v Einsidler,* 5 AD3d 298 [2004]; *Michael Kane Color Litho v Willowtex, Inc.,* 305 AD2d 646 [2003]; *cf. Cohen v Shopwell, Inc.,* 309 AD2d 560, 561 [2003]). In addition, the plaintiff failed to demonstrate that additional discovery would have raised a triable issue of fact as to the existence of a legally cognizable duty (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614 [1999]). Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.