■ Philip Blumenfeld et al., Appellants, v Neal DeLuca, Respondent, et al., Defendants. (And Related Actions.) [807 NYS2d 99]—

In an action, inter alia, pursuant to RPAPL article 15 to determine title to real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered May 27, 2005, as denied that branch of their motion which was for summary judgment on their claim of adverse possession.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on their claim of adverse possession is granted.

By their submission of affidavits and documentary exhibits, the plaintiffs demonstrated, by clear and convincing evidence, that they possessed and used the subject strip of property as part of their driveway and back yard, and that such possession and use was hostile and under a claim of right, open and notorious, actual, exclusive, and continuous throughout the requisite statutory period and beyond (*see generally Katona v Low*, 226 AD2d 433 [1996]). Moreover, the plaintiffs established that the subject land was "usually cultivated or improved" (RPAPL 522 [1]; *see generally Gore v Cambareri*, 303 AD2d 551, 552 [2003], *lv denied* 5 NY3d 711 [2005]) consistent with its character, condition, location and potential uses (*see e.g. Gaglioti v Schneider*, 272 AD2d 436, 437 [2000]). In opposition to this prima facie showing of entitlement to judgment as a matter of law, the defendant Neal DeLuca merely submitted an attorney's affirmation and a copy of the answer verified by his attorney. These submissions lacked probative value and were insufficient to defeat the plaintiffs' motion (*see S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 342 [1974]; *9394 LLC v Farris*, 10 AD3d 708, 710-711 [2004]; *Marinelli v Shifrin*, 260 AD2d 227, 229 [1999]). Moreover, even if the material submitted by DeLuca had been competent and admissible, it nonetheless failed to raise a triable issue of fact because it did not allege an

acknowledgment by the plaintiffs during the relevant statutory period that title to the property rested with another party (*cf. Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1107-1108 [1991]; *MAG Assoc. v SDR Realty*, 247 AD2d 516, 517 [1998]; *Dittmer v Jacwin Farms*, 224 AD2d 477, 478 [1996]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 123-124 [1982]).

DeLuca's vague contention that the plaintiffs' motion was premature and that discovery was required is unpersuasive, since he did not request discovery in the action and he failed to indicate why he did not come forward with other, available competent and probative evidence in opposition to the motion (*see 9394 LLC v Farris, supra* at 711), and he neither identified what discovery was necessary nor proffered any evidentiary basis suggesting that such discovery would lead to relevant evidence (*see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]; *Prado v City of New York*, 19 AD3d 674, 675 [2005]; *Lambert v Bracco*, 18 AD3d 619, 620 [2005]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]).

DeLuca's remaining contentions are without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.