■ Martha Qualben, Appellant-Respondent, v Bruno Aiello et al., Respondents-Appellants, and Michael Aiello, Respondent. [862 NYS2d 546]—In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated August 9, 2006, as denied her motion for summary judgment, and (2) so much of an order of the same court dated November 1, 2006, as, upon renewal, adhered to the original determination denying her motion for summary judgment, and the defendants Bruno Aiello, Elena Aiello, and Dominic Aiello, cross-appeal, as limited by their brief, from (1) so much of the order dated August 9, 2006, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of the order dated November 1, 2006, as, upon renewal, adhered to the original determination denying that branch of their cross motion.

Ordered that the appeal and cross appeal from the order dated August 9, 2006, are dismissed, without costs or disbursements, as that order was superseded by the order dated November 1, 2006, made upon renewal; and it is further,

Ordered that the order dated November 1, 2006, is modified, on the law, by deleting the provision thereof, upon renewal, adhering to the original determination in the order dated August 9, 2006, denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Michael Aiello and substituting

therefor a provision, upon renewal, vacating so much of the order dated August 9, 2006, as denied that branch of the plaintiff's motion, and thereupon granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and the defendants own separate parcels of property which are located on Block 343 on the tax map of Kings County. The parties are the owners of separate lots that border on a parcel of real property known as lot 45 on the tax map and which is referred to as "the Alley." The plaintiff commenced this action individually, and as administratrix of her deceased husband's estate, against the defendants, inter alia, alleging the adverse possession of the Alley.

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]; see *Blumenfeld v DeLuca,* 24 AD3d 405 [2005]). In addition, a party must satisfy the common-law requirements of demonstrating that the possession of the parcel was hostile, under a claim of right, actual, open, notorious, exclusive, and that it was continuous for the statutory period (see *Beyer v Patierno,* 29 AD3d 613 [2006]; *Blumenfeld v DeLuca,* 24 AD3d 405 [2005]; *Katona v Low,* 226 AD2d 433 [1996]).

Here, on renewal, the plaintiff established, prima facie, her entitlement to summary judgment (see *Katona v Low,* 226 AD2d 433 [1996]). In opposition to the plaintiff's prima facie showing, the defendants Bruno Aiello, Elena Aiello, and Dominic Aiello raised triable issues of fact. Similarly, the Supreme Court properly denied that branch of the cross motion of the defendants Bruno Aiello, Elena Aiello, and Dominic Aiello which was for summary judgment dismissing the complaint insofar as asserted against them. However, the defendant Michael Aiello did not dispute the plaintiff's prima facie showing. As a result, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Michael Aiello (see generally *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.