Appeal from an order of the Erie County Court (Timothy J. Drury, J.), entered January 8, 2007 in an action pursuant to RPAPL article 15. The order granted the motion of defendants John S. Sunick and Mary Sunick for summary judgment.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.
Memorandum: Plaintiffs commenced this action on October 21, 2004 pursuant to RPAPL article 15 seeking, inter alia, a determination that they are the lawful owners of specified real property based on their adverse possession of the property and are entitled to remove the fence erected on that property by John S. Sunick and Mary Sunick (defendants). According to defendants, however, they are the lawful owners of the property and plaintiffs’ use of the property was permissive. We conclude that County Court erred in granting defendants’ motion for summary judgment dismissing the amended complaint.
It is well settled that, in order to acquire title to real property by adverse possession, the possessor must establish by clear and convincing evidence “ ‘that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous . . . for the statutory period of 10 years’ ” (West Middlebury Baptist Church v Koester, 50 AD3d 1494, 1495 [2008]; see Walling v Przybylo, 7 NY3d 228, 232 [2006]). In addition, under the version of RPAPL 522 in effect *1122 when plaintiffs commenced this action, in the event that the claim of adverse possession was “not based upon a written instrument!, the possessor was required to] show that the parcel was either ‘usually cultivated or improved’ (RPAPL 522 [1]) or ‘protected by a substantial [e]nclosure’ (RPAPL 522 [2])” (Qualben v Aiello, 53 AD3d 604, 605 [2008]).
Here, both plaintiffs and defendants agree that plaintiffs’ possession of the disputed property was actual, open and notorious, exclusive and continuous for the 10-year statutory period, and they tacitly agree that the property was “usually cultivated or improved” as required by the applicable version of RPAPL 522 (1). The only disputed components of adverse possession before us therefore are whether plaintiffs’ possession of the property was hostile and under a claim of right (see Tubolino v Drake, 178 AD2d 951, 952 [1991]). “Possession is hostile when it constitutes an actual invasion of or infringement upon the owner’s rights [and a] claim of right is [b]y definition . . . adverse to the title owner and also in opposition to the rights of the true owner” (United Pickle Prods. Corp. v Prayer Temple Community Church, 43 AD3d 307, 308 [2007], lv denied 9 NY3d 977 [2007] [internal quotation marks omitted]). In our view, defendants’ own submissions in support of the motion raise an issue of fact whether plaintiffs entered the disputed property without the permission of defendants’ predecessors in interest (cf. Ropitzky v Hungerford, 27 AD3d 1031, 1032-1033 [2006]), thus rendering summary judgment inappropriate with respect to those two components of adverse possession (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.