SHERYL R. MENKES, Appellant, v EDWARD PHILLIPS, Respondent. [940 NYS2d 317]—

In an action for ejectment from real property and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated July 11, 2011, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff is the nonresident owner of residential property in Mount Vernon. In 2009, she commenced this action for ejectment and ancillary relief against the owner of the neighboring lot, alleging that his driveway along their common border encroaches on her property and constitutes a continuing trespass. The defendant interposed a defense that the action was time-barred, alleging that, in 1997, he paved a gravel driveway on his property along its existing lines and had used the paved driveway continuously under claim of right until the time of this action.

After discovery, the plaintiff moved for summary judgment on the issue of liability. The evidence submitted by the plaintiff in support of her motion included an affidavit by a licensed surveyor who performed a 2004 survey showing that the defendant's driveway occupied a strip of land of unspecified width on the plaintiff's side of the property line, and an affidavit of a grounds worker hired by the plaintiff, who attested that, as of 2003, the defendant's driveway was still gravel and narrower than the paved driveway. The plaintiff also submitted the dep-

osition testimony of the defendant and of a nonparty contractor the defendant had hired for the paving job, both of whom testified that the driveway was paved in 1997. The Supreme Court denied the plaintiff's motion, determining that she failed to establish her prima facie entitlement to judgment as a matter of law by eliminating triable issues of fact as to the date of the commencement of the alleged trespass.

"Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass . . . The essence of trespass is the invasion of a person's interest in the exclusive possession of land" (*Curwin v Verizon Communications [LEC]*, 35 AD3d 645, 645 [2006] [internal quotation marks and citations omitted]). As the proponent of a motion for summary judgment, the plaintiff was required to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Thus, to establish entitlement to judgment as a matter of law on her cause of action alleging trespass, the plaintiff was required to eliminate any triable issue of fact as to her interest in the exclusive possession of the disputed land.

The deposition testimony of the defendant and his contractor, which the plaintiff submitted in support of her motion, raised a triable issue of fact as to whether the defendant acquired an ownership interest in the disputed strip of property by adverse possession based upon his actual, open, notorious, and exclusive possession and use of the paved driveway under claim of right commencing in 1997 and continuing for the statutory period of 10 years (*see Shilkoff v Longhitano*, 90 AD3d 891 [2011] [applying former RPAPL 522 for alleged property rights vesting prior to the effective date of the 2008 amendments to RPAPL article 5]; *Zeltser v Sacerdote*, 52 AD3d 824 [2008]; *Blumenfeld v DeLuca*, 24 AD3d 405 [2005]). Accordingly, in light of the plaintiff's failure to make a prima facie showing eliminating any triable issue of fact as to her exclusive ownership interest, the Supreme Court properly denied her motion for summary judgment, regardless of the sufficiency of the defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.