■ Ivry Semel, Respondent, v Kimberly Kubali et al., Appellants. [958 NYS2d 126]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 30, 2012, which denied defendants' motion

for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The parties are owners of adjacent condominium units on the top floor of a six-story building. Together with another unit owner, they obtained rights from the condominium board for each of them to build a room on the rooftop and a terrace, and jointly retained an architect. When the project was complete, plaintiff asserted that the new fence between his terrace and defendants' terrace was encroaching by about three feet, or 50 square feet, into what had been his rooftop property, as shown on the original building plan and offering plan drawings. Defendants objected that they assumed he had reviewed and approved the architect's plans, which had been relied on in constructing the roof additions, and any mistake was attributable to the architect. The architect asserted that the fence could not readily be moved due to, among other things, building code rules pertaining to access to fire escapes.

In support of their motion for summary judgment dismissing plaintiff's trespass, encroachment and unjust enrichment claims, defendants submitted the affidavit of the architect, who explained that, since no survey existed for the roof with a metes and bounds description, he "had to make [his] own measurements," which he did using plans previously filed with the Department of Buildings, as well as discussions with the owners, the offering plan and any other relevant material. He asserted that the new fence was in the proper place. Assuming arguendo that this would have been sufficient to meet defendants' prima facie burden of eliminating any triable issue of fact as to their interest in the exclusive possession of the disputed three-foot strip of rooftop deck (*see Menkes v Phillips*, 93 AD3d 769, 770 [2d Dept 2012]), plaintiff raised an issue of fact by submitting his deed with the offering plan drawing, and emails written by one of the defendants acknowledging that the fence had been moved from its previous location and that she had been aware that the location of the fence would have to be moved to accommodate the new structures.

To the extent defendants assert an estoppel claim based on their detrimental reliance upon plaintiff's acquiescence in the new rooftop configuration shown on the architect's plans (*U.S. Cablevision Corp. v Theodoreu*, 192 AD2d 835 [3d Dept 1993]), plaintiff's affidavit denying that he knowingly acquiesced in any change in dimensions of his rooftop deck raises issues of fact. Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ.