Umlas v Britton (2023 NY Slip Op 06771)

Umlas v Britton

2023 NY Slip Op 06771

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-07680
 (Index No. 610385/18)

[*1]Andrea Umlas, respondent,
v
Christopher Britton, et al., appellants.

Samuel E. Kramer, New York, NY, for appellants.
Harvey A. Arnoff, Riverhead, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendants appeal from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated September 21, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint and pursuant to CPLR 603 to sever their counterclaims.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants.
In May 2018, the plaintiff commenced this action against the defendants, the owners of adjacent property, inter alia, for injunctive relief and to recover damages based upon the defendants allegedly installing utility wires below ground on a portion of the plaintiff's property without her permission. Thereafter, the defendants moved for summary judgment dismissing the complaint and pursuant to CPLR 603 to sever their counterclaims alleging, among other things, that the plaintiff damaged their property. In an order dated September 21, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
In the first cause of action, the plaintiff sought an injunction directing the removal of the underground utility wires from her property. "An action pursuant to RPAPL 871 requires, inter alia, a showing that an alleged encroachment was not de minimis" ( Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1149). Here, the defendants established, prima facie, that the encroachment was de minimis, and thus, not sufficient to warrant injunctive relief, as the wires were buried in a portion of the plaintiff's property that was only approximately two square feet, consisting of, at most, 1/2118 of the plaintiff's total property (see Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 624; Krakovski v Stavros Assoc., LLC, 173 AD3d 1146; Averaimo v Tavares, 93 AD3d 745, 746). In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.
Contrary to the defendants' contention, however, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which was, [*2]in effect, to recover for property damage and trespass, based upon their unsubstantiated and conclusory assertions that the plaintiff's "property has not been damaged at all" or was not damaged in the amount sought in the complaint. Moreover, the defendants failed to establish, prima facie, that their conduct did not constitute a trespass, for which "nominal damages" may be awarded even if the property owner fails to make a showing of "actual injury" (Shrage v Con Edison Co., 216 AD3d 1023, 1025-1026 [internal quotation marks omitted]). Since the defendants failed to meet their prima facie burden with respect to the second cause of action, we need not consider the plaintiff's opposition papers as to that cause of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action.
Furthermore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, which asserted a demand for punitive damages. "New York does not recognize [an] independent cause[ ] of action for punitive damages" (Feng Li v Shih, 207 AD3d 444, 447). Moreover, the defendants established, prima facie, that their conduct was not so "gross, wanton, or willful, or of such high moral culpability" as to warrant an award of punitive damages (M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 881, 882 [internal quotation marks omitted]). In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the third cause of action, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court