| **Turnball v City of New York** |
|:---:|
| 2024 NY Slip Op 30271(U) |
| January 22, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 513626/2019 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of January 2024

HONORABLE FRANCOIS A. RIVERA

---------------------------------------------------------------------X

STEVEN TURNBALL,

      Plaintiff,

    - against -

THE CITY OF NEW YORK, FUSHIMI, FOURTH AVENUE SUPERCENTER CORP., CITY 9316, INC., LIFE QUALITY MOTOR SALES, INC. D/B/A BMW OF BROOKLYN AND 9326 FOURTH AVENUE, LLC,

      Defendants.

---------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 513626/2019

   Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion jointly filed by Life Quality Motor Sales, Inc. D/B/A BMW of Brooklyn and 9326 Fourth Avenue, LLC (hereinafter LQMS defendants) on June 9, 2023, under motion sequence three, for an order pursuant to CPLR 3212 dismissing the complaint of plaintiff Steven Turnball and all cross claims asserted against it.  The motion is opposed.

-Notice of Motion
-Statement of material facts
-Affirmation in Support
  Exhibits A-F
-Affirmation in opposition
  Exhibits 1-5
-Amended affirmation in opposition
-Memorandum of law in opposition
  Exhibit A-D
-counterstatement of material facts
-Affirmation in reply

   Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion jointly filed by Fushimi, Fourth Avenue Supercenter Corp., and City 9316, INC (hereinafter the Fushimi defendants) on June 12, 2023, under motion sequence four, for an order

[* 1]

pursuant to CPLR 3212 dismissing the complaint of plaintiff Steven Turnball and all cross claims asserted against it.  The motion is opposed.

>    -Notice of Motion
>    -Affirmation in Support
>    -Statement of material facts
>             Exhibits A-C
>    -Affirmation in opposition
>             Exhibits 1-5
>    -Amended affirmation in opposition
>    -Memorandum of law in opposition
>             Exhibit A-D
>    -counterstatement of material facts

## BACKGROUND

On June 20, 2019, the plaintiff commenced the instant action for damages for personal injuries by filing a summons and verified complaint with the Kings County Clerk's office.  The action was asserted against the City of New York (hereinafter NYC) and the Fushimi defendants.  On August 5, 20219, the Fushimi defendants interposed and filed a joint answer to the verified complaint with cross claims asserted against NYC.  On May 13, 2021, NYC interposed and filed an answer to the verified complaint with cross claims against the Fushimi defendants.

On January 19, 2021, plaintiff commenced a second action for damages for personal injury by filing of summons and verified complaint under Index Number 501354/2019.  The second action was asserted against BMW of Brooklyn and 936 Fourth Avenue LLC.  On May 5, 2021, LQMS d/b/a BMW of Brooklyn and 936 Fourth Avenue LLC interposed and filed a verified answer to the verified complaint in the second action.

On December 9, 2021, the first and the second action were consolidated under index number 513626/2019.  The consolidated verified complaints and plaintiff sworn testimony allege the following salient facts.  On January 21, 2019, the plaintiff was caused to trip and fall upon a dangerous or defective sidewalk condition near the Fushimi Restaurant located at 9316 4th

[* 2]

Avenue, Brooklyn, New York. Plaintiff had walked past a car dealership before he fell. Plaintiff's fell due to a dangerous and uneven condition on the sidewalk.

## LAW AND APPLICATION

To make out a prima facie case of negligence against a defendant in a personal injury negligence action, plaintiff must prove (1) that defendant owed a duty of care to plaintiff, (2) that defendant breached that duty of care, and (3) that plaintiff's injury was proximately caused by that breach of the duty of care (*Solomon by Solomon v. City of New York,* 66 N.Y.2d 1026 [1985]). A defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it *(Ash v. City of New York*, 109 A.D.3d 854, 855 [2nd Dept 2013]; see *Madden v. 3240 Henry Hudson Parkway, LLC*, 192 A.D.3d 1095, 1095–1096 [2nd Dept 2021]). Whether a dangerous or defective condition exists on the property of another to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury (*Leem v. 152-24 N., LLC,* 201 A.D.3d 918, 919 [2nd Dept 2022] citing *Trincere v. County of Suffolk*, 90 N.Y.2d 976, 977 [1997]).

New York City Administrative Code § 7-210, which became effective September 14, 2003, shifted tort liability from the City of New York to the commercial property owner for personal injuries proximately caused by the owner's failure to maintain the sidewalk abutting its premises in a reasonably safe condition. However, Administrative Code of the City of New York § 7–210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable (*Gambino v. 475 Park Ave. S., LLC*, 197 A.D.3d 621, 622 [2nd Dept 2021]).

[* 3]

*LQMS Defendants CPLR 3212 Motion*

The LQMS defendants allege that plaintiff's fall occurred close to the property line between two commercial properties. They further allege that the area in question was not under their control, and that the alleged sidewalk defect was an open and obvious condition. Utilizing the plaintiff's testimony describing the location of his fall, the LQMS contend that the area of plaintiff's accident was not abutting their property but instead abutting the Fushimi restaurant.

In support of this contention, they annexed, among other things, the affidavit of Vincent J. Dicce (hereinafter Dicce), a professional land surveyor and the president of Boro Land Surveying, P.C. Dicce avrred that the LQMS defendants retained Boro Land Surveying, P.C. to conduct a sidewalk survey at 9316-9326 4th Avenue, Block 6107 Lots 37-41, Kings County, New York, and the sidewalk survey annexed to his affidavit was the one that the company performed. Dicce did not aver that he participated in the conducting of the survey. His affidavit did not attest to the accuracy of the survey or interpret and explain its meaning. Therefore, the survey and Dicce's affidavit had no probative value (*Mu Cheng Lau v. Yuen Keung Lai,* 43 Misc. 3d 1220(A), 997 N.Y.S.2d 99 [Sup. Ct. 2014] citing, *Seaman v. Three Vil. Garden Club, Inc.*, 67 AD3d 889 [2nd Dept 2009]; *Greenberg v. Manlon Realty*, 43 A.D.2d 968, 969 [2nd Dept 1974]).

The LQMS defendants also contended that the raised sidewalk condition was open and obvious as demonstrated from photographs of the condition which they had annexed to their motion papers. However, they did not contend nor demonstrate that the condition is not inherently dangerous. Proof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence (*Crosby v. Southport, LLC,*

[* 4]

169 A.D.3d 637, 640 [2nd Dept 2019], *Cupo v. Karfunkel*, 1 A.D.3d 48, 52 [2003]; see *Lopez–Calderone v. Lang–Viscogliosi*, 127 A.D.3d 1143, 1145 [2nd Dept 2015]). Thus, to obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous (see *Cupo v. Karfunkel*, 1 A.D.3d at 52). In such circumstances, the condition which caused the accident cannot fairly be attributed to any negligent maintenance of the property (*id.*).

For the foregoing reasons the LQMS defendant did not make a prima facie showing of entitlement to summary judgment dismissing the verified complaint and all cross claims asserted against them. Their motion for summary judgment dismissing the complaint and all cross claim asserted against them is denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851 [1985]).

*Fushimi Defendants CPLR 3212 Motion*

The Fushimi defendant move for summary judgment based on the contention that the plaintiff's accident did not happen on a sidewalk abutting their property. They also contended, like the LQMS defendants', that they had no duty to warn the plaintiff of the open and obvious uneven condition of the sidewalk location where the plaintiff allegedly tripped and fell.

In support of the contention that the accident did not occur on a sidewalk abutting their property they annexed, among other things, the deposition testimony of the plaintiff, of Alex Zhao, the manager of City 9316, Inc d/b/a/ Fushimi and of Carmine Abruzzo, the general manager of LQMS. The Fushimi defendants referred to several instances in which the plaintiff's testimony changed regarding his injury and the location of the accident. They also referred to video evidence, which they did not proffer, which allegedly depicted the accident in a manner inconsistent with the plaintiff's version of how the accident occurred. The testimony of Abruzzo

and Zhao shed no light on the location of the subject accident.  The alleged inconsistencies in plaintiff's testimony involves a determination of credibility which is for the trier of fact.  A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility (*Schmitz v. Pinto*, 220 A.D.3d 681 [2nd Dept 2023]).

The contention of the Fushimi defendants that they had no duty to warn the plaintiff of an open and obvious condition has already been addressed by the identical argument advanced by the LQMS defendants.

For the foregoing reasons the Fushimi defendant did not make a prima facie showing of entitlement to summary judgment dismissing the verified complaint and all cross claims asserted against them.  Their motion for summary judgment dismissing the complaint and all cross claim asserted against them is denied, regardless of the sufficiency of the plaintiff's opposing papers (see *Winegrad v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851 [1985]).

On August 14, 2023, The City of New York (hereinafter NYC) filed a notice of motion under motion sequence five for an order pursuant to CPLR 3212 dismissing the complaint of plaintiff Steven Turnball and all cross claims asserted against it.  On August 15, 2023, counsel for all parties executed and filed with the Kings County Clerk's office a stipulation discontinuing with prejudice the complaint and all cross claims asserted against NYC.

**CONCLUSION**

The motion by Life Quality Motor Sales, Inc. D/B/A BMW of Brooklyn and 9326 Fourth Avenue, LLC for an order pursuant to CPLR 3212 dismissing the complaint of plaintiff Steven Turnball and all cross claims asserted against it is denied.

[* 6]

The motion by Fushimi, Fourth Avenue Supercenter Corp., and City 9316, INC for an order pursuant to CPLR 3212 dismissing the complaint of plaintiff Steven Turnball and all cross claims asserted against it is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:            _François A. Rivera_

                                 J.S.C.

[* 7]