Spatafore v U.S. Bank Trust N.A. (2024 NY Slip Op 05122)

Spatafore v U.S. Bank Trust N.A.

2024 NY Slip Op 05122

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-04874
 (Index No. 611189/20)

[*1]Anthony R. Spatafore, et al., appellants, 
v
U.S. Bank Trust National Association, etc., respondent.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Zachary Gold and Lance Colquitt of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 29, 2021. The order denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
In October 2020, the plaintiffs, Anthony R. Spatafore and Deborah M. Spatafore, filed an amended complaint against the defendant, U.S. Bank Trust National Association, seeking to recover damages for a trespass onto their real property (hereinafter the premises). The amended complaint alleged, inter alia, that the defendant was the successor in interest to Wells Fargo Bank, N.A., the plaintiff in a related foreclosure action commenced against the plaintiffs regarding a mortgage encumbering the premises (see Wells Fargo Bank, N.A. v Spatafore, ___ AD3d ___; decided herewith) and that an agent of the defendant trespassed onto the premises, thereby causing injury to the premises.
Thereafter, the plaintiffs moved, among other things, for summary judgment on the issue of liability. In support of their motion, they submitted, inter alia, the mortgage agreement as well as an affidavit of the plaintiffs' neighbor, who averred that she saw an unidentified man leaving the premises on July 31, 2020, at approximately 6:00 p.m. The neighbor averred that the unidentified man told her that "he was employed by a company that was foreclosing the Spatafore Residence." The plaintiffs also submitted the defendant's response to their first set of interrogatories, wherein the defendant asserted, among other things, that its agents included "Dave Scianna and Michael Poole of Scianna Improvements. Scianna Improvements was hired by National Preservation Group. National Preservation Group is the contractor hired by First Allegiance." The defendant's response to the plaintiffs' interrogatories also indicated that, upon information and belief, no one spoke to the plaintiffs' neighbor and that "Dave Scianna of Scianna Improvements hired by National Preservation Group spoke with a male (we assume that is Anthony Spatafore)." The plaintiffs also submitted an unsigned and unsworn statement of Anthony R. Spatafore, purporting to be an affidavit. In opposition, the defendant submitted, inter alia, the mortgage agreement and an affidavit of the president and chief executive officer of First Allegiance, a property services firm retained by the defendant's mortgage servicer.
In an order dated June 29, 2021, the Supreme Court denied that branch of the [*2]plaintiffs' motion which was for summary judgment on the issue of liability. The plaintiffs appeal [FN1]. We affirm.
"The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission" (Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037 [internal quotation marks omitted]). As movants, the plaintiffs were required to "'make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (Menkes v Phillips, 93 AD3d 769, 770, quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability was properly denied. The plaintiffs' submissions failed to eliminate triable issues of fact as to whether the defendant lawfully entered the premises (see Wlody v Birch Family Servs., Inc., 210 AD3d at 1037; Julia Props., LLC v Levy, 137 AD3d 1224, 1225).
Since the plaintiffs failed to make their prima facie showing of entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment on the issue of liability was properly denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1:The plaintiff Anthony R. Spatafore passed away after this appeal was perfected. Under the circumstances of this case, an estate representative need not be substituted for the decedent (see CPLR 1015[b]).