Romano v AUS 22 LLC (2026 NY Slip Op 50162(U))

[*1]

Romano v AUS 22 LLC

2026 NY Slip Op 50162(U)

Decided on February 15, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2026
Supreme Court, Kings County

Santo Romano a/k/a SAM ROMANO, Plaintiff,

againstAUS 22 LLC, JOHN AU, and TIFFANY RUI NONG TAN AU, Defendants.

Index No. 1078/2025

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: Doc Nos. 1-20. Papers used prior to efiling: affidavit of Santo Romano, affirmation of Vincent Romano with exhibits, affirmation in support of notification, summons and complaint.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motion is determined as follows.
Plaintiff alleges that he owns the property with the address of 59 80th Street, Brooklyn, New York. Defendants own or are in possession of the adjacent property with the address of 44 79th Street, [*2]Brooklyn, New York. Plaintiff purchased his property in 1983. At the rear of his property and close to the edge of the property line but still on his property is a retaining wall. Four feet of Plaintiff's property extend beyond the retaining wall. Located on a portion of the four-foot strip of land of Plaintiff's property is a free-standing garage used by Defendants which continues onto Defendant's property. In other words, Defendants' garage, built mostly on their property, encroaches onto four feet of Plaintiff's property. Not only that, but the garage is anchored to Plaintiff's retaining wall.
Plaintiff further alleges that as a result of Defendants' garage being anchored to Plaintiff's retaining wall, damage to Plaintiff's property ensued. Rainwater was not able to be properly drained. The retaining wall has cracked, bulged, and buckled in various locations. Plaintiff has been issued violations by the New York City Department of Buildings. The retaining wall needs to be repaired or replaced. Defendants have refused to remove the garage to facilitate Plaintiff's access to the full length of his retaining wall — or, at least, reconfigure the garage so that the part which encroaches on Plaintiff's property is taken down. Moreover, Defendants have refused access to Plaintiff to encroach on their property, i.e., so that Plaintiff can enter onto the property beyond the four-foot strip, in order to repair his retaining wall. Plaintiff has procured a Department of Buildings permit to repair his retaining wall. He has retained an engineer, a surveyor, and a contractor to perform work in connection with the retaining wall. If the work is not performed and completed, both properties will be impacted. The Department of Buildings issued a vacate order with respect to the garage.
Separately, on September 18, 2023, AUS 22 LLC, a defendant herein, commenced an action against Plaintiff herein Santo Romano a/k/a Sam Romano and Carole Romano, alleging damage to their garage and property, which was assigned Index No. 526943/2023. The causes of action alleged were trespass, wrongful conduct, and nuisance. The Romanos answered the complaint.
On November 12, 2025, Plaintiff commenced the within action alleging causes of action sounding in trespass, negligence, permanent injunction, declaratory judgment, intentional infliction of emotional distress, removal of the garage per Real Property Actions and Proceedings Law § 871 (RPAPL), ejectment, and private nuisance. Defendants answered Plaintiff's complaint, alleging numerous affirmative defenses: failure to allege a prima facie case, pending action, lack of standing, failure to state a claim upon which relief may be granted, documentary evidence, equitable fraud and/or misrepresentation, retaliation, forgery and fraud, speculative damages, failure to mitigate damages, collateral estoppel, res judicata, statute of limitations, statute of frauds, adverse possession, suing the wrong party, lack of specificity, culpable conduct, and presence of videotape footage.
By order to show cause dated November 13, 2025, Plaintiff herein moved for injunctive relief with respect to the four-foot strip of land and the garage. The relief sought includes barring Defendants from any interest in the retaining wall and the four-foot strip, awarding possession of the four-foot strip to Plaintiff, directing Defendants to remove the garage, and enjoining Defendants from trespassing on Plaintiff's property.
Defendants oppose Plaintiff's motion. They allege that the garage precedes the ownership by Plaintiff and Defendants of their respective properties — that it was constructed in 1979. Defendants claim that they have not encroached on Plaintiff's property and they deny damaging Plaintiff's retaining wall. Defendants maintain that the instant action is designed to harass them for having filed the 2023 action against Plaintiff and Carole Romano. They stress that there are no affidavits from a licensed engineer or contractor attesting that the garage must be removed for the retaining wall to be repaired. [*3]Also, they argue that there is no affidavit from a licensed surveyor attesting to an encroachment on Plaintiff's property.
Plaintiff has invoked RPAPL § 871 in moving for an injunction. Subdivision 1 of said section provides: "An action may be maintained by the owner of any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Nothing herein contained shall be construed as limiting the power of the court in such an action to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify."
Where an encroachment is minor and the harm to the encroacher in removing her structure would outweigh any corresponding benefit to the plaintiff, the court should not issue a mandatory injunction compelling removal of the structure (see Umlas v Britton, 222 AD3d 1031 [2d Dept 2023]; Generalow v Steinberger, 131 AD2d 634 [2d Dept 1987]).
In determining the within motion, the Court is guided further by the decision of the Appellate Division, Second Department in a recent RPAPL 871 matter, wherein the Court stated:
" 'Trespass is an intentional entry onto the land of another without justification or permission' " (Carlson v Zimmerman, 63 AD3d 772, 773 [2009], quoting Woodhull v Town of Riverhead, 46 AD3d 802, 804 [2007]; see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707, 709 [2013]).To prevail on a cause of action for ejectment, a plaintiff must establish that "(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (Noamex, Inc. v Domsey Worldwide, Ltd., 192 AD3d 817, 819 [2021]; see City of New York v Anton, 169 AD3d 999, 1001-1002 [2019]; RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126 [2016]).Contrary to its contention, the City failed to eliminate triable issues of fact as to whether the defendant lacks the right to occupy or use the disputed property. The City failed, among other things, to submit any evidence as to the scope of public assembly permits that were issued to the defendant. Under these circumstances, the City did not establish its prima facie entitlement to judgment as a matter of law on the causes of action alleging trespass and seeking ejectment (see 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC, 114 AD3d 661, 662 [2014]; Menkes v Phillips, 93 AD3d 769, 770 [2012]).Furthermore, the City did not establish its prima facie entitlement to injunctive relief directing the removal of encroachments upon the disputed property. RPAPL 871 (1) provides that an "action may be maintained by the owner of any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Nothing herein contained shall be construed as limiting the power of the court in such an action to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify" (see Montanaro v Rudchyk, 189 AD3d 1214, 1218 [2020]). In order to obtain injunctive relief pursuant to RPAPL 871 (1), a party is " 'required to demonstrate not only the existence of [an] encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to [the encroaching party] from granting such relief' " (Kimball v Bay Ridge United Methodist [*4]Church, 157 AD3d 877, 878 [2018], quoting Broser v Schubach, 85 AD3d 957, 957 [2011]; see Montanaro v Rudchyk, 189 AD3d at 1218; Marsh v Hogan, 81 AD3d 1241, 1242 [2011]). Here, the City failed to demonstrate the absence of any triable issues of fact concerning whether the balance of equities weighed in its favor (see Montanaro v Rudchyk, 189 AD3d at 1218; Kimball v Bay Ridge United Methodist Church, 157 AD3d at 878). (City of New York v Prudenti's Rest. on the Riv., Inc., 203 AD3d 1127, 1127-1128 [2d Dept 2022].)If Defendants' garage encroaches upon four feet of Plaintiff's property, indeed that would not constitute a de minimus encroachment, as Defendants argue (cf. Umlas v Britton, 222 AD3d 1031; Generalow v Steinberger, 131 AD2d 634.) Plaintiff is faced with the responsibility for repairing his retaining wall. His need to access it from what is allegedly his own property is a significant interest. The benefit to Plaintiff is accessing his own property might very well outweigh any interest Defendants possess in retaining the portion of their garage which constitutes an encroachment on Plaintiff's property.
The claim that the Defendant's garage encroaches on a four-foot wide strip of land belonging to Plaintiff rests principally upon the affidavit of Plaintiff, his attorney's affirmation, deeds, and an image of a survey which is not authenticated by a professional surveyor. Notably, there is no affidavit from a professional surveyor, engineer, or architect attesting to Plaintiff's ownership of a portion of the land upon which part of Defendants' garage was built. However, as pointed out in Prudenti's Rest. on the Riv., Inc., to obtain RPAPL 871 relief, a plaintiff must demonstrate the existence of an encroachment, i.e., a trespass. Without sufficient evidence that indeed there is an encroachment, there is no prima facie case entitling one to injunctive relief.
The Appellate Division, Second Department, recently reiterated the prerequisites for a preliminary injunction:
" '[P]reliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant' " (Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199 [2017], quoting Hoeffner v John F. Frank, Inc., 302 AD2d 428, 429-430 [2003]). "To establish the right to a preliminary injunction, the plaintiff must prove by clear and convincing evidence (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in the plaintiff's favor" (Keneally, Lynch & Bak, LLP v Salvi, 190 AD3d 961, 963 [2021]; see CPLR 6301). (Bilgrei v North Shore Tower Apts., Inc., 228 AD3d 814, 814-815 [2d Dept 2024].)Plaintiff here has failed to establish by clear and convincing evidence that he owns the four foot strip of land upon which part of Defendants' garage is situated. Therefore, he has failed to establish the right to a preliminary injunction mandating removal of the garage or, at least, truncating it so that it lies solely upon Defendants' property. The submitted survey is not attested to by someone with professional credentials who made an onsite inspection of the subject premises and compared it to the metes and bounds specified in the respective deeds to the two tracts of land — those of Plaintiff and Defendants. Plaintiff has not even disclosed where the survey came from — whether it was on file with a government department or register (cf. CPLR 4522 [ancient filed maps, surveys, and records affecting real property]; there was no certification. As was stated in Seaman v Three Village Garden Club, Inc. (67 AD3d 889, 890 [2d Dept 2009]):
The survey submitted by the appellants in support of their motion was unaccompanied by an [*5]affidavit from the surveyor explaining or interpreting the survey (see Greenberg v Manlon Realty, 43 AD2d 968, 969 [1974]; cf. Margulies v Frank, 228 AD2d 965, 966 [1996]). Moreover, the survey itself was not in admissible form (see City of New York v Gowanus Indus. Park, Inc., 65 AD3d 1071 [2009]; cf. Schwartzberg v Eisenson, 260 AD2d 854 [1999]). Contrary to the appellants' contention, the survey was not admissible under CPLR 4523, as that section concerns the admissibility of a title search. Nor was the survey admissible under CPLR 4522 in the absence of any foundational testimony in the form of an affidavit from the surveyor.Just as in Mu Cheng Lau v Yuen Keung Lai, 43 Misc 3d 1220[A], 2014 NY Slip Op 50726[U], *3 [Sup Ct, Kings County 2014]), where the court stated, "Without admissible evidence of the boundary lines of Lau's property, he cannot establish the fact that the fence encroaches on his land," so too Plaintiff here has failed to establish for purposes of his motion for a preliminary injunction that Defendants' garage is situated on land he owns (see also Turnball v The City of New York, 2024 NY Slip Op 30271[U], *4 [Sup Ct, Kings County 2014]).
The Court notes also that Plaintiff's motion seeks not only access but permanent relief akin to a motion for summary judgment, which cannot be granted absent demonstrating lack of any triable issues of fact. The nature of the evidence submitted here in support of proving an encroachment does not rise to the level of that required for permanent dispositive relief.
It is important that Plaintiff has access to land near his retaining wall in order to be able to repair it, as mandated by the Department of Buildings. Plaintiff has not sought access to Defendants' property pursuant to an RPAPL § 881 special proceeding. Rather, Plaintiff has endeavored to obtain access to what he claims is his own land in this action premised in part on RPAPL § 871. Although his evidentiary submission is insufficient for purposes of a preliminary injunction, he should be granted leave to make the application again with a proper showing.
Accordingly, it is hereby ORDERED that Plaintiff's motion for an injunction and other relief is DENIED without prejudice to resubmission of a motion upon proper evidence.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).